### DEMPSEY v. HARRISON & GLASGOW.

1.  A bill of discovery presented at the first term after the trial term, is in time. It is no objection to the discovery sought, that the party who seeks the discovery, had procured a continuance of the cause on account of the absence of a witness, by whom he expected to prove the facts sought to be discovered, when the bill shows that the deposition of the witness had been taken and that he failed to prove those facts.
2.  The def. at the first term filed a plea of set off, to which pltfs. demurred. The demurrer was not disposed of until the 2nd term, at which time it was overruled. The pltfs. had leave to withdraw their demurrer and filed a replication.—Held, that the def. was entitled to a continuance, if he asked it,—but having failed to rejoin, the court did not err in giving judgt. by default.
3.  In an action upon a promissory note, payable to A. & Co. it is incumbent on the pltfs. to prove the persons composing the company.

ERROR to the Howard circuit court.

WASH J. delivered the opinion of the court.

This was a suit by petition and summons in debt, instituted in the Howard circuit court, by James Harrison and William Glasgow, against the plaintiff in error and one John R. White, on a promissory note made by Dempsey and White, payable to James Harrison & Co.—for $7877,89. The petition was filed on the 18th of June 1835, and the writ made returnable on the second Monday in July. The process was served on Dempsey, and return made, "White not found."—At the July term, Dempsey pleaded: 1st. Nel debit; 2nd. Payment by both defendants; 3rd. Payment by White, and 4th. Set off of money due from the plaintiffs to both defendants. On the same day the plaintiffs replied to the 1st, 2nd, and 3rd, pleas, takng issue thereon, and demurred to the 4th plea. The cause was then continued on the affidavit of Dempsey to the next term. At the November term, and on the first day of the term, the plaintiffs in error (without

asking or obtaining the leave of the court therefor,) filed with the clerk his petition or bill of discovery and interrogatories. The plaintiff thereupon excepted to the filing the bill of discovery—1st, "because it was not filed in sufficient time; and 2nd, because the plaintiffs would be taken by supprise, by the filing and by being called on to answer the same at that late hour." The circuit court sustained the exceptions taken, and refused to permit the said bill of discovery to be filed. Afterwards at the said November term, the plaintiffs' demurrer to the defendant's plea of set off was overruled and the plaintiffs had leave given to withdraw their demurrer and reply. The replication was filed and the defendant refusing to take issue, judgment by default was taken on the 4th plea.—The issues were then submitted to the court sitting as a jury, and a verdict and judgment were given for the plaintiffs, to reverse which judgment, the defendant has come with his writ of error to this court.

From the bill of exceptions in the cause, it is seen that on the trial the counsel for the plaintiffs read in evidence a note executed to James Harrison & Co.—to the reading of which, the defendant by his counsel excepted; because it was not shewn who composed the firm of James Harrison & Co. The court overruled the objection and permitted the note to be read; to which the defendant excepted.

The defendant also moved for a new trial for the following reasons: 1st. Because the finding is against the evidence—2nd. Because there was no evidence to prove that James Harrison and William Glasgow, were all the partners, of the firm of James Harrison & Co.—3rd. Because there was no evidence offered to the court that William Glasgow is a partner of the firm of James Harrison & Co.—4th. Because the said defendant's bill for a discovery was improperly rejected by the court—and 5th. Because the defendant was improperly refused further time to join issue on the replication of the plaintiffs to the 4th plea of the defendant.

This motion for a new trial was overruled, and the judgment of the court in overruling the motion and refusing the new trial excepted to.

It is assigned for error—1st. That the circuit court refused to permit Dempsey to file his bill of discovery—2nd. That the court gave judgment by default against the plaintiff in error, for want of a rejoinder to the replication of the defendant in error, to his fourth plea—3rd. That the court proceeded to the trial of the cause on the same

day that the defendants in error replied to the fourth plea of the plaintiff in error—4th. That the court permitted the note sued on to be given in evidence on the issue taken on the plea of *nil debit,* without any evidence showing that James Harrison and William Glasgow were the persons and the only persons composing the firm of James Harrison & Co., to whom said note was given—5th. That the court refused to set aside the verdict or finding and to grant a new trial.

As to the first error assigned, it is insisted by the counsel for the plaintiff in error, that the petition for a discovery was presented in due season and ought not to have been rejected.

The counsel for the defendants in error, contends, that the petition was in this case properly rejected—1st. Because it was offered too late—and 2nd. Because the plaintiff in error had no equitable right to the discovery sought. The statute provides (Revised Statute p. 462—Sec. 10 ) "That either party to a suit in any court of record shall be entitled to a discovery from the other party of all matters material to the issue in such suit, in all cases where the same party would by the rules of equity, be entitled to the same discovery in a court of equity, in aid of such suit,—upon presenting a petition verified by the affidavit of the petitioner or some other credible person" &c. At the July term of the court, the petitioner applied for and obtained a continuance of the cause on account of the absence of a witness, by whom he expected to prove (as he states in his affidavit for a continuance) the facts set out in his petition for a discovery.— The witness whose deposition was taken in the vacation, failed to establish the facts. Whilst the plaintiff in error had reason to believe that he could establish the facts by the testimony of a witness, he could have no right to call on the defendants in error, to disclose them under oath. We cannot readily perceive how, in this case, the plaintiff in error could have come earlier with his petition.— The information sought for is to be obtained, as the petitioner states, from the defendants in error and from no one else. So that unles they are put to answer he will be without remedy. We think threfore, that the circuit [court] erred in rejecting the petition.

As to the 2nd error assigned, it would seem that the plaintiff in error, sought by withholding his rejoinder to the plaintiffs replication to his 4th plea, to put off the trial of the cause. Under the circumstances of the case, he was clearly entitled to a continuance. The demurrer

<div style="margin-left:60%;">

MAY TERM 1836.

Dempsey v. Harrison & Glasgow.

A bill of discovery presented at the first term after the trial term, is in time. It is no objection to the discovery sought, that the party who seeks the discovery, had procured a continuance of the cause on account of the absence of a witness, by whom he expected to prove the facts sought to be discovered, when the bill shows that the deposition of the witness had been taken and that he failed to prove those facts.

The def. at the first term filed a plea of set off, to which pltfs. demurred. The demurrer was not disposed of until

</div>

35

MAY TERM
1836.

Dempsey
v.
Harrison & Glasgow.

the 2nd term, at
which time it was
overruled.    The
pltfs. had leave to
withdraw their
demurrer and filed
a replication.—
Held, that the def.
was entitled to a
continuance, if he
asked it,—but
that having failed
to rejoin, the court
did not err in giving judgt. by default.

In an action upon
a promissory note,
payable to A. &
Co. it is incumbent on the pltfs.
to prove the persons composing
the company.

had admitted the truth of the plea of set off, and the defendant below could not have been reasonably required to come prepared with proof, which the demurrer had dispensed with.    The case of Resher v. Thomas, 1 Mo. Rep. 737, settles the right of the defendant to a continuance in a case like the present.    But we can see no reason why the rejoinder was not put in.    To make up the pleadings correctly, and in due season, is one thing, and the right to claim a continuance another, and a very different thing.    The court might have directed the *similiter* to be put in by the other party, or might have proceeded to trial without it, or have entered up judgment by default as was done.    The 3rd error assigned, is pretty much disposed of, in the notice taken of the 2nd error. The plaintiff in error was certainly entitled to a continuance upon the withdrawal of the demurrer to his plea of set off, and the filing of the replication thereto—but then it was for the plaintiff in error to claim a continuance and insist upon his right.    As to the 4th error assigned, we find it laid down (Chitty on Bills, p. 394) that when a Bill of exchange is payable or endorsed specially to a firm, it has often been held, that in an action by the payees or endorsees, strict evidence must be given that the firm consists of the persons who sue as plaintiffs on the record.    The case of Waters and others v. Paynter— sittings at Westminster 14th Dec. 1826, before Abbott, Chief Justice, cited by the counsel for the plaintiff in error, is full to the point.    There can be no reason why it should be required in a suit by the payees or endorsees of a bill of exchange any more than in a suit on a promissory note.    But it has been insisted by the counsel for the defendants in error, that our statute has changed the law on this point.    The words of the statue (See revised stat. page 363—S. 18) are: "When any declaration or other pleading shall be founded upon any instrument of writing charged to have been executed by the other party and not alleged therein to be lost or destroyed, such instrument shall be received in evidence, unless the party charged to have executed the same, deny the execution thereof by plea verified by affidavit."    It has been held by this court that the effect of this statute is only to exonerate the plaintiff from the proof of the execution of the note, when the plea denying its execution is not sworn to.    It is to be received in evidence, but in evidence of what? Not in evidence of all the allegations in the plaintiff's declaration surely; but of such matters as appear upon the face of the paper.    How can it be collected from the

MAY TERM
1836.

note that James Harrison and William Glasgow compose the firm of James Harrison & Co.? If the fact had been so stated in the note, the evidence would have been conclusive.

The different members of the firm, are often entirely unknown to the person dealing with them. In giving his note he may well know the terms or form in which it is given and nothing more. The parties who call upon him for payment must show how their interest or title in the note arises. It will not do to say that he has recognized their title, because he has not denied the execution of the instrument. It is just as necessary now to prove aliunde, who constitute the firm, as it was before the statute. This view of the statute, disposes of the 5th error assigned.

The finding of the court sitting as a jury, should have been set aside and a new trial granted. Upon the whole matter therefore, the judgment of the circuit court is reversed and the cause remanded for a new trial, and that court is directed to permit the defendant in that court to file his bill of discovery.