## DAVIS *vs.* CHRISTY.

1. A. executed his bond to B., who assigned it to C. Some time afterwards C. brought the bond to B. with his assignment thereon erased, and B. thereupon, at the request of C., assigned the bond to E.: *Held,* That the erasure of the assignment did not divest C. of the legal title to the bond, and consequently that E. could not sue in his own name as the legal owner thereof.

2. It is well-settled, that the holder of a promissory note, whether negotiable or not, may strike out blank endorsements; such, however, does not seem to be the law with regard to endorsements in full, which confer a legal title to the instrument.

## APPEAL to Johnson Circuit Court.

Young *and* Hickman, *for Appellant.*

Foster, the payee of the bond, by the assignment to Holden, divested himself of the legal title to the bond, and the title thereof was, by said assignment, vested in Holden, the first assignee; and as Foster, at the time he made the assignment to Christy, was not the legal owner of the bond, and had no interest therein, he could not, by the assignment, transfer any title or interest to the plaintiff, Christy, and consequently Christy could not maintain an action thereon. (See Rev. Statute of 1835, p. 105, sec. 2; Jeffers *vs.* Oliver, 5 Mo. Rep., p. 433.) Christy obtained no greater title to, or interest in, the bond, by the assignment of Foster to him, than Foster had at the time of the assignment. The bond sued on was not negotiable, but merely assignable, by our statute.—Beatty *vs.* Anderson, 5 Mo. Rep., 447.

In an action on a bond or note by the payee or obligee, a plea alleging that the bond or note had been assigned to a third person before suit brought, is a good bar to the action.—Thomas, use of Deane, *vs.* Wash, 1 Mo. Rep., 666.

To transfer the legal title to a bond or note not negotiable, so as to enable the assignee to maintain an action thereon in his own name, there must be an assignment in writing. At common law, bonds of the description of the one sued upon could not be assigned, so as to enable the assignee to maintain an action thereon in his own name, and it is by our statute law alone, that the assignment of bonds or notes transfer the legal title in the assignee, and the assignment to transfer the legal title must be in writing, as this Court has frequently decided. Now, the only way the legal title of the bond could be re-vested in Foster was, by the re-assignment in writing of Holden, the legal owner of the bond. Erasing the assignment to Holden did not re-vest the title in Foster, but to do so it was necessary that there should be an actual re-assignment from Holden to Foster. (Able and Isbell *vs.* Shields, 7 Missouri Reports, 120.) Davis, the obligor, would have had a right to plead any just off-set he might have had against Holden in a suit on the bond by him; or any just off-set he (Davis) might have had against Holden to the bond in the hands of his assignee at the time of the assignment. (See concerning bonds and notes, Rev. Statute of 1835, p. 105, sec. 4.) Yet if, by erasing the

72

assignment to Holden, the title re-vested in Foster, the payee, and he or his assignee is permitted to maintain an action thereon, Davis would thereby be deprived of availing himself of his off-set against Holden; this would open a wide door for fraud.    The facts of this case show, that it was not the intention of Holden, the first assignee, by erasing the assignment, to re-vest the title in Foster, the payee, but as a more convenient mode of transferring the title to Christy, or perhaps of avoiding a just off-set that Davis had against Holden.    Foster, when he made the assignment to Christy, seemed to be aware that he had no title to the bond, for the assignment is without recourse.    For these reasons we contend, that the judgment of the Circuit Court should be reversed. — Bradford *vs.* Ross, 3 Bibb, 238; Long *vs.* Bank Cynthiana, 1 Littell, 291; Wiggins *vs.* Rector, 1 Mo. Rep., 338; Bates *vs.* Martin, 3 Mo. Rep., 259.


LEONARD *and* BAY, *for Appellee.*

1. There was no sufficient evidence of any assignment of the bond by Foster, the obligee, to Holden.

2. By the cancellation of the assignment, if any such were made, the legal title of Holden was divested, and the same remained in Foster.— Burdick *vs.* Green, 15 Johns. Rep., 248.


SCOTT, J., *delivered the opinion of the Court.*

Christy, as assignee of James M. Foster, sued Davis in a justice's court, on a bond executed by Davis to Foster, for the sum of $82.    The cause was taken to the Circuit Court, where Christy recovered judgment, from which Davis appealed.

On the trial in the Circuit Court, Davis, to defeat Christy's right of recovery, objected to the reading of the bond, and the assignment thereon, as evidence; and in support of this objection proved, that James M. Foster, the obligee of the bond, assigned it for a valuable consideration to N. B. Holden, by a writing endorsed on the bond, and signed by Foster; that some six months thereafter, Holden brought the bond to Foster with the assignment cancelled, and requested him to assign the bond to Christy, which Foster accordingly did, making it without recourse against himself.    The court overruled the objection, and a verdict and judgment were entered for Christy.

The question is, whether Christy had a right to recover under this state of facts? It seems well-settled, that the statute concerning bonds and notes makes the assignee the legal owner of the instrument assigned, and consequently, that it is erroneous to institute a suit in the name of the obligee or payee after an assignment.    (Jeffers *vs.* Oliver, 5 Mo. Rep., 434.)    That statute also gives the maker of a note, or obligor of a bond, a right of set-off against the assignee.    It is not pretended that Foster, in making the assignment to Christy, acted as the agent of Holden; if he did, he failed to execute his power in such a manner as to bind or affect Holden.    It is said the cancellation of the assignment by Holden re-vested the legal ownership of the bond in Foster.    We cannot see on what principle such

a consequence follows from the cancellation of the assignment. It does not appear that the cancellation was made with any such motive, for it was done without the knowledge or consent of Foster, but with a view to destroy the evidence of the fact that Holden had been the legal owner. The law will not permit a cancellation to be made when the interests of the obligee may be affected by it. If the obligee's right of set-off would exist against the assignee, notwithstanding the cancellation of the assignment, yet the proof of the facts necessary to entitle him to it is rendered more difficult. The case of Drummond *vs.* Fletcher (2 Wash.) is not like the present. No evidence of the cancellation of the assignment was given by the party, and the question was one of variance between the proof and declaration. The objection was, that a cancellation was made, without proving the fact. The circumstances attending this transaction are suspicious. Holden takes the bond and retains it for some six months, and then, instead of assigning it immediately to Christy, as he might have done, he cancels the assignment made to himself, not with the assent of Foster, or with a view to give him any interest in the bond, but, as it would seem, to obliterate the evidence of the fact that he had ever been the owner of it. He uses Foster simply as an instrument, who, showing the capacity in which he acted, assigned it to Christy without recourse. Nothing is better settled than that the holder of a promissory note, whether it be negotiable or not, may strike out blank endorsements; such, however, does not seem to be the law with regard to endorsements in full, which confer a legal title to the instrument. The law on this subject does not seem to be well settled; at least there is great conflict of authority, whether the mere possession of a promissory note by an endorser who has endorsed it to another while the assignment remained, is sufficient evidence of his right of action against his endorser, without a re-assignment or receipt from the last endorser.— Mendez *vs.* Carreroon, 1 Lord Ray, 742; Gorgeat *vs.* McCarty, 2 Dal.; Bank of Utica *vs.* Smith, 18 Johns.; Welch *vs.* Lindo, 7 Cranch, 159; Dugan *vs.* United States, 3 Wheat., 172; Nevins *vs.* Degrand, 15 Mass. Rep., 436.

However the law may be on this subject, in cases unaffected by any statutory provisions, we think that, under our statute, the course pursued by the assignee, Holden, cannot be sustained. We do not feel ourselves called upon to express an opinion as to the mode to be adopted to recover the debt, if any recovery can be had.

Whether a suit can be brought, and the form of it, must be determined entirely by the circumstances, which do not appear on the record.

The other judges concurring, the judgment of the court below is reversed.