BUNDING & ENGEL *vs.* BLUMENTHOUS.

Where replications are filed at a subsequent term of the court, although without any objection, the defendant is entitled to a continuance.

APPEAL from St. Louis Court of Common Pleas.

G. W. Callahan, *for Appellants*, by A. Beaty.

The appellant's pleas not having been answered, they might consider them as confessed, and could not be prepared to sustain them. It operated, therefore, as a surprise, to compel them to go to trial.—See 1 Mo. Rep., Resher *vs.* Thomas, p. 739; and 4 Mo. Rep., Dempsey *vs.* Harrison, 270.

TRUSTEN POLK, *for Appellee.*

1. The replication to defendant's plea of set-off, though filed out of time, was yet filed without objection by appellants, and before any motion was made by them for a nonsuit or continuance. Then it was too late to move that the plaintiff be *non pros.'d,* after the traverse was filed.—See Magehan *vs.* Orme and Speers, 7 Mo. Rep., 4.

2. The court below did right to refuse the appellants a continuance. By the statute, (Code of 1835, p. 460, sec. 32,) all that the defendant can ask, in case plaintiff fails to file his replication to defendant's plea in due time, is judgment of *non pros.* against plaintiff; he cannot ask a continuance for such failure. In this case there was no affidavit, or any other cause shown for continuance, except the filing the replication out of time. The statute taking away the ground last referred to, and there being no independent ground shown for the continuance, by affidavit or otherwise, the court had no alternative but to overrule the application, and to proceed with the trial. There was not even grounds laid for the exercise of judicial discretion in the case. It was not claimed that there was any surprise. And even in the case of an amendment of the record, the Court will not grant a continuance for that reason, unless the amendment was such as to produce surprise to the opposite party.— See Jones *vs.* Cox and Others, 7 Mo. Rep., 173.

3. The court being justified, as appears from what is stated above, in proceeding with the trial, the testimony offered by plaintiff below was sufficient, not merely to authorize the court to render a judgment in his favor, but to lay it under a legal necessity to do so. The counsel for appellee respectfully submits to the Court, in this case, that he is entitled to ten per cent. damages upon the amount due him in this case.

NAPTON, J., *delivered the opinion of the Court.*

This was an action by petition in debt, the writ being returnable to the February term, 1843. At that term, the appellants pleaded *nil debit,* and a set-off. The cause was set for trial on the 12th March, 1844, but was not reached until the 13th; on the morning of that day, plaintiff filed replications, and the defendant afterwards, (and without having objected to the filing of the replications,) moved the court for a continuance, for the reason, that said replications were filed out of time. The court refused to grant the continuance, and gave judgment for the plaintiff. The error complained of, is the refusal of the court to grant the continuance.

The cases of Risher *vs.* Thomas, (1 Mo. Rep., 740,) and Dempsey *vs.* Harrison & Glasgow, (4 Mo. Rep., 270,) cited by the appellants, we consider conclusive of their right to a continuance, under the circumstances.

In those cases, where a party had abandoned an issue in law, on the day set for trial, and amended his pleadings, by leave of the court, so as to put in issue the merits of the cause, the opposite party was held entitled to a continuance: to force the party into trial, under such circumstances, was considered a surprise

.upon him, as he could not be presumed ready to establish an issue in fact not presented by the state of the pleadings.

In the present case, the defendants could not anticipate that replications would be permitted out of time; and though the court undoubtedly had the power to grant such indulgence, a similar indulgence should have been extended to the adverse party, who, seeing his pleas unanswered, it is to be presumed, did not come prepared with proof to establish them.

The failure of the defendant to object to the replications, when they were filed, or his laches in not moving for a judgment of *non pros.*, on the 12th, might constitute a very good reason why the defendant should have been precluded from insisting on such a judgment, on the 13th, when the cause was called; but neither of these could deprive him of his right to a continuance, if he desired it.

Judgment reversed, and cause remanded.