Judge Napton
delivered the opinion of the court.
It appears that on the day for which this case was set for trial i'n the court of comm.pn pleas, the defendant presented to the court a petition for a discovery of testimony from the plaintiffs. The object of the bill of discovery was- to establish that the bill sued on had been drawn by Beasley in bud faith to pay a debt due the. plaintiffs ; that he had no authority to, draw upon the defendants except to meet liabilities incurred upon a special agreement between Beasley and' the defendant for the purchase of tobacco; that the bill was accepted by James Glasgow, as the agent of defendant, under the belief that the bill was drawn to meet such liabilities for tobacco, and that the plaintiffs were aware of these facts. To excuse his delay in presenting this petition, the defendant stated that he had mistaken the court in which the action was pending ; that he had suits in both the circuit court and common pleas, and supposed the suit to be depending in the former, whose sessions would not commence until some time after this application. The court of common pleas refused to grant the discovery sought, on the ground that the application came too late, and the defendant took his. exception.
The statute which authorises bills of discovery in suits at law does not prescribe the time within which they shall be presented, nor does it appear that the court of common pleas in S-t. Lo.uis, had any rule upon *398 the subject. That there must be a period in the progress of a cause when such applications ought not, upon general principles, to;be allowed,, is conceded. This court held in Price vs. Connor, (3 Mo. Rep. 453)i that such applications came- too late after the swearing of the jury; and in Dempsey vs. Harrison & Glasgow, (4 Mo. Rep. 267) it was held that when the petition was presented' upon, the first day of the trial term, it was in time, in this latter case, however, it will be observed, that the-petitioner had procured a continuance of the cause at a'previous term-, on account of the absence of a witness, by whose deposition he expected to prove the facts which h.e then- desired to establish by the answer-of the party, and the-deposition failing to make the desired proof, the petition for the- discovery was in fact presented at the earliest time in, term at which it could have- been done. In the present ease, the suit was brought on the 26th December, 1846>;. at the February term-,1847, pleas were- filed $ at the September term of the same year- the pleas were withdrawn,.the-general issue taken-and the c-ause was continued by con-sent. The case was tried in March, 1848, in the third- o-r fourth week of the term. The facts relied u-pon as a defence were ail known to the defendant when, the- suit was brought, and Beasley’s position on the bill, which the petitioner supposes would prevent his introduction as- a witness, had not been changed-. To present a bill of discovery,, under these circumstances, on the day of trial,, would seem to be quite as inconsistent with the rights of the adverse party and the dispatch of' business, so important to suitors, as though it had been presented after the jury were sworn, ft is hardly necessary to add'; that the negligence or-mistake of the defendant in relation to the court in which his case was pending, constituted no- claim upon the indulgence of the court.
The instructions which were refused, present the question whether.' the erased endorsements oa the bill ought to-h-ave prevented a recovery in the present action..
The case of Davis vs. Christy (8 Mo. Rep. 569) is a decision upon, our statute concerning bonds and notes. The conflict of authority in relation to the right of a holder of a negotiable note to strike out subsequent endorsements- in full, is noticed in that case, and' no opinion is-given in relation to that question. The case of Dugan vs. U. States, (3 Wheat. 172) is in favor of the authority of the holder to strike out such endorsements, whether in. blank or in full, and- whether made for-value or merely for collection. The language of the court in that case is quite decisive. “After an examination of the cases on this subject,’5 says Judge Livingston, “which cannot all be reconciled, the court is of *399 ©pi^on, that if any person who endorses a bill of exchange to another, whether for value or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary thereof appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more endorsements in full subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsees, whose names he may strike out from the bill or not as he may think proper.”
The reasons which influenced the construction given by this court to the assignment of bonds and notes in Davis vs. Christy, have certainly no application to the the transfer of bills of exchange. The right of set-off, 'gdhich our statute provided for in theformer class of instruments, the assertion of which might have been embarrassed, if a cancellation of the assignment were permitted to destroy the title of the assignee and re-invest it in the assignor without any formal re-assignment, has no existence in negotiable paper. Nor is its easy to imagine any real inconvenience which is likely to result from the establishment of the broad position taken by the Supreme Court of the United States in Dugan vs. U. States. The suggestion of Judge Parker in Nevins vs. Degrand, (15 Mass. Rep. 436) that such a doctrine might enable a malafide holder, or one who gets possession of the bill by accident to demand payment can scarcely have any weight in determining whether, in the absence of all proof calculated to throw any suspicion of this character, the presumption may not be safely indulged that the holder came honestly by the bill. It seems to be agreed, that when the endorsement is in blank, or where it is merely for collection, the endorsee having acquired no actual interest in the bill, the endorser who subsequently gets possession of the bill may disregard the names of the endorsees to whom the transfer has been made, and no formal re-endorsement is necessary to invest him with the title. We see no objection to extending this principle to endorsements for value, provided nothing is shown tending to throw any suspicion upon the transaction.
An objection was taken at the trial to the admissibility of an affidavit taken under our statute of February 11, 1847, upon the ground that a justice of the peace in this State has no authority under that act to take the affidavit. This act provides, that affidavits taken under it, may be taken before any court of record within the U. States, &c., and this provision is supposed to exclude the power of justices of the peace within this State. The law, as it stood in 1845, (R. C. p. 762) has *400 provided (.hat justices of the peace might'take affidavits and depositions “within theif respective jurisdictions} in all cases Where oaths and affirmations are required by law to be takfen.” It is obvious that the law did not design to limit the power of the magistrate to take affidavits of depositions only to such cases as could be tried before them, and wé understand the act of 1847 to be merely Cumulative and designed to embrace affidavits taken without the State. The power of the justice of the peace within the State to take affidavits was not taken away by that law.
Judgment affirmed»