BILLINGS, ET AL., PLAINTIFF IN ERROR VS. ATCHISON, DEFENDANT IN ERROR.

1. An assignment in full of a note not negotiable, cannot be cancelled, as may be done with negotiable paper. The parties to such an instrument cannot defeat set-offs, which the maker may have against any assignee, as would be done, if assignments in full were permitted to be cancelled.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was a suit by petition under the new code of practice, upon a note, in the words and figures following, to-wit:

"$626 00                                          St. Louis, Sept. 28th, 1850.

Three months after date I promise to pay Messrs. McAlister & Co., or order, for value received, six hundred and twenty-six dollars, at the Bank of the State of Missouri.

GEO. W. ATCHISON."

Upon which note the following endorsement in blank. until the trial, when they were filled up. "Pay to the order of A. R. McNair, agt., McAlister & Co. Pay Messrs. Haskell & Co., or order, A. R. McNair, agt." The petition states, that McAlister & Co. endorsed this note to A. R. McNair, who afterwards endorsed it to the plaintiff.

The defendant answered that he made the note; that it was endorsed by McAlister & Co., and delivered to one T. S. Kennedy and not to A. R. McNair; that he does not know, &c., that plaintiffs are the legal holders of the note, and requires proof thereof; that he is informed and believes that when the note was endorsed and delivered to McAlister & Co., it was the property of the Knox Insurance Company, and denies that said company ever assigned or transferred it.

On the trial which was had before the court without a jury, the co-partnership of the plaintiffs, under the style of Haskell & Co., was proved; also, the endorsement of McAlister & Co.'s signature and A. R. McNair, agent's signiture. Defendants then proved by Thos. O'Flaherty, that he was one of the firm of McAlister & Co., and wrote the name of McAlister & Co. on the back of this note; that when he did it, there was written on the back of the note, "pay to the order of the Knox Ins. Co.," and that he signed the name of McAlister & Co. under it; that he never consented or knew that it had been erased till he saw it in court.

A. R. McNair, sworn for plaintiffs, testified that when the note was made, T. S. Kennedy was agent of the Knox Insurance Company, and that this note was given by defendant for premiums for insurance due from him to said company; that Kennedy, before the note became due, ceased to be agent, and witness became the agent, and Kennedy handed to him this note as part of the assets of the company with the endorsements thereon, in blank; the words "pay to the order of the Knox Insurance Company," over the signature of McAlister & Co., being erased by drawing a pen through them; that as agent of said company, he endorsed the note in blank, by the style of A. R. McNair, agent, and delivered it to plaintiff for a valuable consideration, paid by them to the said Knox Insurance Company; that since this suit was commenced, he has paid to plaintiffs, the note, and that now the same belonged to said Insurance Company.

This was all the evidence. Plaintiffs asked the following instructions:

1. "If the note, when made and endorsed by McAlister & Co., appears from the evidence to have been the property of the Knox Insurance Co., and the endorsement filled up to said

Billings et al. vs. Atchison.

company and delivered to Kennedy as the agent of said company, and afterwards said Kennedy, as agent for said company, delivered said note to McNair; with said endorsement erased, and that afterwards said McNair transferred 'said note to the plaintiffs, and the note at the commencement of ·this suit, was plaintiffs', then the plaintiffs ought to recover."

2. If the court shall find from the evidence, that the note in question was made by the defendant to the order of McAlister & Co., and that said McAlister & Co. endorsed said note, and at the time of such endorsement there were printed over their names, the words "pay to the order of the Knox Insurance Company;" that T. S. Kennedy was, at the time, the agent of said Knox Insurance Company, and acting as such; that subsequently A. R. McNair became the agent of said company, and that said Kennedy delivered said note to said McNair. with the words "pay to the order of Knox Insurance Company" erased, and that said McNair made his blank endorsement on said note, as follows: "A. R. McNair, agent,' and delivered said note, so endorsed, for a valuable consideration, to the plaintiffs, and that the plaintiffs were, at the time this suit was instituted, the holders of said note, in virtue of said endorsement, then they are entitled to recover in this action.

The court refused to give the above instructions; to which refusal the plaintiffs duly excepted.

The defendants asked the court to instruct as follows:

3. That under the law and the evidence, offered on the trial of this cause, the plaintiffs are not entitled to recover,

4. That if the court shall believe from the evidence. that said note was endorsed in full to the Knox Insurance Company, that the plaintiffs are not entitled to recover—that the peti- ·tion does not allege or show that said company ever assigned or transferred said note.

5. The defendant prays the court to declare the law to be, that if from the evidence, the court shall be of opinion, that the endorsement on the back of said note, which is stricken out, and that the same was so stricken out after it was made and delivered, and the unwritten assignment was substituted, then the plaintiffs are not entitled to recover

The court gave these instructions; to the giving of which the plaintiffs duly accepted. The plaintiffs then took a non suit, with leave to move to set aside the same; and in due time filed a motion therefor, with these reasons, to-wit:

1. Because the court erred in refusing to declare the law of the case, as asked for by the plaintiffs.

2. Because the court erred in declaring the law as asked for by the defendant.

3. Because the court admitted incompetent testimony.

This motion the court overruled; to which decision of the court the plaintiffs duly excepted, and filed their bill of exceptions in this behalf, and now bring the case to this court, by a writ of error, for a reversal of the judgment below.

Todd & Krum, for plaintiffs in error.

I. The court erred in refusing to give the instructions prayed for by the plaintiffs below, because:

1. The lawful holders of a note may strike out a special endorsement to himself, and render it transferable by delivery. The Knox Insurance Company could, therefore, strike out the endorsement to itself. Therefore its agent could, for what one may do by himself, he may do through another. There was evidence, tending at least, to show that Kennedy was a duly authorized agent in this behalf, and also McNair.

2. If plaintiffs were the owners of the note, when the suit was begun, they, of course, ought to recover. The suit was begun under the new code, which requires that the beneficial owner shall sue—sec. 1, art. 3, p. 75. To become the beneficial owner of any chose in action, whether assignable or not, requires no written or formal mode of transfer; for such owner

ship on a delivery of the evidence of the debt, whether a judgment, bond, note or bill, will be sufficient—19 J. R. 342; ib. 95; 17 ib. 284, 12 ib. 346. And possession is *prima facie* evidence of ownership. The plaintiffs had this; in addition to this he had the usual evidences of trans- fer of notes, with evidence tending to show that they were rightfully made. Legal owner- ship implies the beneficial ownership, and nothing to the contrary was shown. But it was shown, that the plaintiffs became owners for a valuable consideration; hence the evidence tended to show that the plaintiffs were both the legal and beneficial owners, Now, as they only defence of the answer is, whether the plaintiffs were the owners of the note, the in- structions should have been given.

II. The court erred in giving the instructions asked by the defendant.

1. The first was wrong, for the reasons given under point I.

2. The second is wrong, because it assumes the law to be, that a title, by a special indorsement cannot be destroyed by its erasure. Whereas, the law is, that the lawful holder, to whom the instrument is made, may do it, and thus render it as if payable to bearer, and transfer it by de- livery, or fill it up to any other person especially.

3. Because it assumes, that under the new code a party can sue only upon a legal title.

4. The third instruction was wrong for the reasons under sub-division 2, aforesaid.

III. The defence of the answer is merely conservative; that is, the plaintiffs so make out their case that the defendant may safely pay them. The defendant does not deny his liability; the con- sideration of the note is not attached; nor are the bona fides of the plaintiffs questioned. Under the pleadings and evidence, it is therefore insisted, that the court erred, in that it did not grant the motion to set aside the nonsuit.

HUDSON, for defendant in error.

1. There was no evidence to show any transfer of the note in question to the plaintiffs.

2. The signature of A. R. McNair, agent, does not show that he was the agent of the Knox Insurance Company, or that he had any right or authority to transfer the said note. The petition shows, that the note was indorsed and delivered to A. R. McNair. The proof is conclusive that it was indorsed and delivered to the Knox Ins. Co. There is no evidence, of a legal character, showing the right to said note to be in the plaintiff.

3. The court below did right in refusing the instructions asked by the plaintiffs, and in giving those asked by the defendant. There were no sufficient reasons for setting aside the judgment rendered in said cause.

The note was not negotiable, and was specially assigned (as appears in evidence) to the Knox Ins. Co. The plaintiffs did not deduce title from the Knox Ins. Co., and so were not entitled to recover; and they were not at liberty to strike out the assignment to the company which was special: 8 Mo. 569.

SCOTT, J., delivered the opinion of the court.

The evidence in the cause disproved the plaintiff's petition. It show- ed that the note was not assigned to McNair, but to the Knox Insurance Company. If the cancellation of the assignment, in full, to the Knox Insurance Company was made under circumstances which would not destroy its right of action, the suit might have been brought in its name, as the trustee of an express trust. See Duty's adm'r. vs. Dutcher, de- cided at this term. If the holders of the note found it necessary to bring suit in their own name, all the circumstances should have been

stated, as in a bill in equity, showing their right, and that there was no *mala fides* in their conduct in obtaining the note. For the reasons given in the case of Davis vs. Christy, 8 Mo. Rep. 571, an assignment in full, of a note not negotiable, cannot be cancelled, as may be done with negotiable paper. The parties to such an instrument cannot defeat or throw obstacles in the way of set offs which the maker may have against any assignee, as would be done if assignments in full were permitted to be cancelled. The other judges concurring, the judgment is affirmed.