BOEKA, Plaintiff in Error, v. NUELLA, Defendant in Error.

1. A promissory note may be transferred by delivery for a valuable consideration without endorsement or written assignment so as to enable the assignee to maintain an action thereon in his own name.

*Error to St. Louis Law Commissioner's Court.*

The promissory note upon which this suit is founded is negotiable.

*Farish*, for plaintiff in error.

*Goodlett*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

The only question of law discussed in the briefs is whether the holder of a promissory note, who acquired it for a valuable consideration, can maintain an action upon it in his own name without an endorsement or a written assignment.

A party claiming to be the owner of a note transferred merely by delivery has only an equitable title to it; and, before the practice act of 1849 was adopted, he could not in

such a case maintain an action on it in his own name, but was compelled to bring suit in the name of the payee to his use, after a bill in equity. But by the law as it now stands there is only one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which is denominated a civil action; and every action must be prosecuted in the name of the real party in interest, except as provided in the second section of the second article of the practice act; (R. C. 1855, p. 1217;) so that an action can now be maintained in the name of the holder of a note transferred to him merely by delivery. (Savage v. Bevier, 12 How. Prac. 160; Billings v. Jane, 11 Barb. 620; Edwards on Bills and Prom. Notes, 286.) It seems, however, that a note transferred in that way will be subject to every defence which the maker had against it at the time of or before notice of the transfer.

All the points made at the trial were ruled in the plaintiff's favor, and as no instructions were asked or given, we can not see that the court decided or was called on to decide any question of law. It may be that the only witness who was examined was not credited, and as nothing was saved by the bill of exceptions the judgment must be affirmed; the other judges concur.