BEATTIE *et al.*, Defendants in Error, v. LETT *et al.*, Plaintiffs in Error.

1. A person to whom a negotiable promissory note has been endorsed may maintain an action thereon in his own name, although it was endorsed to him merely for collection. In a suit on such a note by an endorsee the caption of the petition was as follows: "A., to the use of B., plaintiff, v. C., defendant." In the body of the petition the plaintiff alleged title in himself by endorsement from B. *Held*, that the words in the caption " to the use of B." might be regarded as mere surplusage.

*Error to Holt Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Patterson & Loan*, for plaintiffs in error.

*Shackelford & Turner*, for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

The title of the cause in the caption to the petition is as follows: " Armstrong Beattie and James M. Wilson to the use of B. W. Lewis & Bros., plaintiffs, against Henry C. Lett and John B. McAllister, defendants." The petition then states that the defendants executed and delivered to B. W. Lewis & Bros. their certain negotiable promissory note therewith filed, which is particularly described; that said B. W. Lewis & Bros. assigned by endorsement and delivered

the same to William C. Boon, who assigned by endorsement and delivered the same to the plaintiffs; that the note was duly protested for nonpayment, and that afterwards a partial payment was made, but that the residue was unpaid, for which they asked judgment. The defendants demurred because the suit was brought to the use of B. W. Lewis & Bros., though it appeared from the petition that they had assigned the note to Boon, who had endorsed it to the plaintiffs; and also because the petition did not set out the christian names of B. W. Lewis & Bros.

As the note in this case was negotiable, if it had returned to the possession of B. W. Lewis & Bros. they would have been regarded, until the contrary appeared, as the *bona fide* holders and owners thereof, and would have been entitled to recover, notwithstanding the endorsement on it, whether they had originally endorsed it for value or for the mere purpose of collection, " without producing any receipt or endorsement back from either of the other endorsers." (Edwards on Bills & Prom. Notes, 271, 278; Story on Prom. Notes, § 452; Glasgow v. Switzer, 12 Mo. 395; Picquet v. Curtis, 1 Sumn. 478.) If, on the contrary, the plaintiffs retained the possession of the note, they had a right to maintain an action on it in their own names, although it may have been endorsed to them merely for collection, because they were trustees of an express trust and had the legal title to the note. (Webb v. Morgan, 14 Mo. 428; R. C. 1855, § 2, p. 1217.) The words, then, " to the use of B. W. Lewis & Bros.," in the caption, were mere surplusage and might have been stricken out without affecting the petition.

The demurrer was properly overruled, and the judgment will be affirmed; the other judges concurring.