BENNETT *et al.,* Respondents, v. POUND *et al.,* Appellants.

1. A., the payee of a non-negotiable promissory note, endorsed the same in blank and delivered the same to B. in satisfaction of a debt due B. *Held,* that B. might recover in an action in his own name against the maker without having an assignment written above the endorsement.
2. An action can be maintained in the name of a holder of a non-negotiable promissory note transferred merely by delivery.

*Appeal from Newton Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Edwards* and *Ewing,* for appellants.

I. The court erred in permitting the note to be read in evidence. The note was endorsed in blank and said blank was not filled up. The same rule does not apply as in case

of negotiable paper.  The holder of a non-negotiable note with a blank endorsement thereon can not maintain an action thereon in his own name without filling up the blank. (3 Mo. 9.)

*Sherwood* and *White*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

Cloud and Graham were the owners of a non-negotiable promissory note, which had been executed to them by the defendants, and being indebted to the plaintiffs they endorsed the note in blank and delivered it to plaintiffs' agent in satisfaction of their debt.  The plaintiffs then instituted a suit upon it against the defendants and alleged in their petition that the note had been assigned by endorsement and delivered to them by the payees, and that they were the owners and holders thereof.  The blank endorsement was never filled up by an assignment to the plaintiffs, and the only question is whether they can recover without first writing an assignment above the endorsement.

The principle decided in the case of Boeka v. Nuella, 28 Mo. 180, will determine this one.  In that case it was observed that a party claiming to be the owner of a note transferred merely by delivery had only an equitable title to it, and that formerly he could not maintain an action at law upon it in his own name, and was therefore compelled to bring suit in the name of the payee to his use, or file a bill in equity; but that the practice act of 1849 abolished the distinction in the forms of actions so that under the present system which requires every action to be prosecuted in the name of the real party in interest, except as provided in the second section of the second article of the practice act (R. C. 1855, p. 1217) an action can be maintained in the name of the holder of a note transferred to him merely by delivery.

The judgment will be affirmed, the other judges concurring.