LEWIS, Plaintiff in Error, v. BOWEN'S ADMINISTRATOR, Defendant in Error.

1. No endorsement or written assignment of a promissory note is necessary to enable the holder thereof to maintain an action thereon in his own name.

*Error to Marion Circuit Court.*

*S. S. Allen*, for plaintiff in error.

*Pratt & McCabe*, for defendant in error.

EWING, Judge, delivered the opinion of the court.

This was a suit commenced in the county court of Marion county upon a note executed by William Bowen, deceased, to James Parker, and by him transferred by delivery merely to the plaintiff Lewis. Lewis had judgment in the county court, from which Bowen appealed to the circuit court. On the trial in the circuit court, the execution of the note having been duly proved, plaintiff offered it in evidence, which was rejected. He thereupon suffered a nonsuit, which he moved to set aside. The motion was overruled, and the cause is brought to this court by writ of error. The only point in the case is the refusal of the court to permit the note to be read in evidence, because there was no assignment in writing or endorsement.

Under the practice act now in force, which abolishes the distinctions in the forms of actions and requires suits to be prosecuted in the name of the real party in interest, no en-

dorsement or assignment in writing is necessary to enable the holder of a promissory note to maintain an action in his own name. This point was decided in the case of Boeka v. Nuella, 28 Mo. 180. See also Bennett v. Pound, ib. 599.

The judgment will be reversed and the cause remanded; Judge Napton concurring. Judge Scott absent.