IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1865, AT ST. LOUIS.

————◄●●►————

SAMUEL SIMMONS, Defendant in Error, *v.* HENRY B. BELT
*et als.*, Plaintiffs in Error.

1. *Practice—Note Negotiable—Petition.*—A petition upon a negotiable promissory note must state the facts which in law make the note negotiable, as inland bills of exchange. (Jaccard v. Anderson, 32 Mo. 88, affirmed.)
2. *Note Negotiable—Demand—Endorser.*—To bind the endorser of a negotiable promissory note, payable generally, demand of payment must be made of the maker personally, or at his place of residence or business.
3. *Note—Endorsee—Practice.*—The endorsee of a note for collection may sue in his own name.

### *Error to St. Louis Circuit Court.*

Plaintiff sued Belt as maker, Sturgeon & Bro. and Crickard (who owned the note) as endorsers.

Defendants, Belt and Sturgeon & Bro., prayed the following instructions, which were refused, and defendants excepted :

1. If Bernard Crickard did not endorse and deliver to plaintiff the note sued upon for value received, but only for collection, then said plaintiff cannot recover in this action under the pleadings.

30—VOL. XXXV.

2. If said Crickard was prior endorser to the plaintiff, and now is the legal owner of the note, the plaintiff cannot recover in this action.

Defendants filed a motion for a new trial, which was overruled, and exceptions taken.

The endorsers, Sturgeon & Bro., also filed a motion in arrest of judgment, for want of cause of action stated in the petition as against them, which was overruled, and exceptions taken.

*Whittelsey*, for defendant Belt.

The court erred in refusing the instructions prayed by defendant.

The note described in the petition was not a negotiable note. It was alleged to have been assigned by Crickard, one of the defendants, for value received. The evidence shows that he owned the note, and endorsed it not for value but for collection. The issue was disproved.

The curious case is presented, that the agent has judgment against his principal for the amount due upon a note owned by himself.

The suit should have been brought in the name of the party in interest. (R. C. 1855, p. 1217, § 1.)

*Whittelsey*, for Sturgeon & Bro.

I. The court erred in overruling the motion in arrest filed by Sturgeon et als., endorsers.

The note described in the petition did not show that the note was negotiable by the statute, by having the words "negotiable and payable without defalcation." The note not being negotiable, the plaintiff could only recover by alleging and proving that the maker was insolvent, &c. (R. C. 1855, p. 295, § 15–16, and p. 323, § 6; Jaccard v. Anderson, 32 Mo. 188; Lindsay v. Parsons, 34 Mo. 422.)

II. The petition did not allege that the note was by its terms payable at the Bank of St. Louis, and therefore an al-

legation of demand at that place (and not of the maker) and protest upon refusal did not show a proper demand and refusal of payment, to bind the endorsers by notice of non-payment. (Glasgow v. Pratte, 8 Mo. 336; Sto. Bills Exch. § 355.)

The petition therefore showed no cause of action against the endorsers, and judgment should have been arrested.

*Sharp & Broadhead*, for defendant in error.

I. As to the first point it is difficult to determine why, or on what grounds, it can be contended for. As early as the first volume of decisions of this court, that question was settled that the maker and endorsers of a promissory note could be jointly sued and were liable together. (Hunter v. Hernstead, 1 Mo. 67.)

Soon after the taking effect of our present Practice Act, the same question was again raised and promptly decided under the Practice Act. (Holland v. Hunton and White, 15 Mo. 476.) And in the case of Page & Bacon v. Snow and others, 18 Mo. 126, which is but a clear and explicit statement of the court by Judge Gamble, that the sixth section of the second article of Practice in Civil Cases (2 R. C. 1855, p. 1218) means what it says, that persons having a cause of action against several, including parties to bills of exchange, promissory notes, &c., may sue thereon against all jointly, or as many as he may choose.

II. The second proposition is directly affirmed by this court in the case of Webb & Hepp v. Morgan, McClung & Co., 14 Mo. 428, under our present Practice Act, where it was admitted on the trial that plaintiff had no beneficial interest in the note or its proceeds, and held it only as endorsee, for collection, from the real owner in interest. (Beattie et als. v. Lett et als., 28 Mo. 596.)

The points (and only points) raised being so obviously frivolous, and were so well and long settled and known, and there being no merits either in the defence or appeal, it is obvious the cause is brought here for delay. We respect-

fully ask and insist the judgment be affirmed, with ten per cent. damages.

DRYDEN, Judge, delivered the opinion of the court.

The plaintiff below, being the assignee or endorsee of a promissory note, sued the maker and endorsers jointly, and recovered a joint judgment against them. The endorsers moved in arrest, on the ground that the petition showed no cause of action as against them. The motion was over-ruled, and the case was brought here by writ of error. The petition is as follows, viz:

"In the St. Louis Circuit Court, September Term, 1861. St. Louis County, Mo. Samuel Simmons, plaintiff, v. Henry B. Belt, John Sexton, Sr., John Sexton, Jr., Isaac H. Sturgeon, Thomas L. Sturgeon, and Bernard Crickard, defendants.

"Plaintiff states that on the 17th day of April, 1860, at the county of St. Louis, said defendant, Henry B. Belt, made his certain negotiable promissory note of said date, by which he promised, twelve months after the date thereof, for value received, to pay said defendants, John Sexton, Sr., John Sexton, Jr.. and Hugh Sexton, under the name of John Sexton & Sons, the sum of fifty-eight hundred and twelve dollars and sixty-eight cents ($5,812.68), which said note is hereto annexed and made part of this petition. Plaintiff states that the said defendants, John Sexton, Sr., John Sexton, Jr., and Hugh Sexton, were, on the 17th day of April, 1860, the day of the execution of said note, co-partners in business under the name and style of John Sexton & Sons, and on the said date, and before the maturity of the said note, they endorsed the same; and, for value received, assigned and delivered the said note to the defendants, Isaac H. Sturgeon and Thomas L. Sturgeon, who were then co-partners in business under the name and style of Sturgeon & Brother; and that they on the date aforesaid, by their endorsement thereof, assigned and delivered the said note to the defendant Bernard Crickard, for value re-

ceived; and afterwards, and before the maturity of the said note, the said defendant Crickard, for value received, endorsed said note and assigned and delivered the same to plaintiff, who is now the legal holder thereof.

" Plaintiff states that the aforesaid note, although long past due and payable, remains unpaid, and that at the maturity thereof the said note was duly presented at the Bank of St. Louis, to the teller of said bank, and payment thereof then and there demanded, and payment of the said note was then and there refused; and upon the day of the said presentation, demand and refusal of payment of said note as aforesaid by said defendant Henry B. Belt, the said note was duly and legally protested for non-payment thereof, and that due notice of said demand and refusal, and of the protest in consequence thereof, was upon the same day duly and legally given to the said defendants, John Sexton, Sr. John Sexton, Jr., and Hugh Sexton, composing the firm of John Sexton & Sons; and also a like notice, in a like manner, was upon the said day given to the defendants, Isaac H. Sturgeon and Thomas L. Sturgeon, composing the firm of Sturgeon & Brother as aforesaid.

" Plaintiff states that said note and interest yet remain due and unpaid. Therefore he asks judgment against the said defendants, for the amount of said note and the interest thereon; and also judgment against the aforesaid defendants, for damages at the rate of four per cent. per annum, and also for costs. SAM'L SIMMONS, *Att'y*."

This petition bears a close resemblance to the petition in the case of Jaccard v. Anderson, 32 Mo. 189 ; and, for the reasons given in the opinion in that case, we hold that the averments of the petition in the case at bar are insufficient to show that the note sued on is a negotiable instrument. The instrument sued on, then, not appearing to be a negotiable but a non-negotiable note, it was not enough to allege a demand and refusal of payment in order to render the assignors liable, but for that purpose it ought to have been shown,

either that the maker of the note was insolvent or non-resident of the State; or that the assignee, in the diligent prosecution of a suit against the maker, had been unsuccessful in making the debt. (R. C. 1855, p. 323, § 6, title Bonds, Notes and Accounts; Jaccard v. Anderson, 32 Mo. 189; Lindsay v. Parsons, 34 Mo. 422.)

Again, upon the idea that the note is negotiable, there is no sufficient demand of payment shown to charge the endorsers. As seen in the light of the petition, the note was payable at no particular place, but generally. In such case, the general rule is that presentment for payment ought to be made to the maker, either personally, or at his dwelling-house or place of business; otherwise the endorser will be discharged. (Sto. on Prom. Notes, § 251.) Yet, in the present case, the petition shows the presentment was made not to the maker personally, but to a stranger, and at a place with which, so far as appears, the maker had nothing to do. View the petition as we may, it contains no cause of action as against the endorsers.

It appeared on the trial that the assignment of the plaintiff was not intended to convey any beneficial interest in the note, but was merely for collection, and it was insisted, therefore, that the plaintiff could not maintain the action. The court refused to sustain this view, and we think properly. (Beattie et al. v. Lett et al., 28 Mo. 596.)

Let the judgment be reversed and the cause remanded; Judge Bay concurring.