GEORGE HARVEY AND EDWIN H. WHEDON, Respondents, *v.*
WILLIAM McK. BROOKE, Appellant.

36  493
104  447

36  493
52a .135

1. *Practice—Trial.*—The re-opening of a case, to allow a plaintiff to offer further evidence, after he has declared his evidence closed, is a matter within the discretion of the court, and will not be reviewed except where the discretion has been unfairly exercised.
2. *Practice—Note.*—The holder of a note who has purchased the same for value may, under our statute, maintain an action in his own name without an endorsement.

*Appeal from St. Louis Law Commissioner's Court.*

*Van Waggoner,* for appellant.

LOVELACE, Judge, delivered the opinion of the court.

This is an action to recover the amount of a negotiable promissory note, executed by the defendant to Thomas L. Price, Alexander Lee, Thomas William, Joseph Brooks, and James B. Gardenhire, trustees of the University of Missouri, at Jefferson City. The note is endorsed by Thomas William and Harvey & Whedon.

The execution of the note was not denied, and the plaintiff, at the trial below, introduced the note and announced that he would close his evidence.

The defendant then asked some instructions as to the law, when the plaintiff asked leave to re-open the case, which was granted; and he then introduced evidence to prove that he purchased the note from the legal owner for value. A judgment was rendered for the plaintiff for the amount of the note, and the defendant brings the case here by appeal.

The appellant insists that the plaintiff had no right to re-open his case after he had announced his evidence closed, and also contends that the assignment was insufficient to pass title to the plaintiff, so as to enable him to maintain an action in his own name.

As to the re-opening the case, that was a matter almost entirely within the discretion of the court below; and to be a cause of reversal, it ought to appear that the court was

32—VOL. XXXVI.

guilty of some unfairness, such as re-opening for one party, and refusing to admit the other to introduce evidence to counteract that introduced by the party for whose benefit the case was re-opened; or that the adverse party was in some way prejudiced by the re-opening of the case.

The *nisi prius* courts ought to exercise a sound discretion in such matters, but this court would only reverse in such cases where real injury had been done, and we fail to see that the defendant has suffered any injury in this case by reason of its having been re-opened. He offered no counter-evidence, nor did he state that he had any to offer.

With regard to the endorsement on the note, it was suffi-cient, in connection with the evidence, that the plaintiff had purchased it for value. In Bocka v. Nuella, 28 Mo. 180, this court held that the holder of a negotiable promissory note, who had purchased the same for value, might, under our statutes, maintain an action in his own name without an endorsement.

Judgment affirmed. The other judges concur.