DAVIS v. CARSON, *Appellant.*

**Attachment of note previously Transferred as Collateral Security**: TRANSFER BY DELIVERY ONLY. One who takes a note as collateral security for a pre-existing debt due him from the payee, is entitled to hold it as against a subsequently attaching creditor of the payee. The fact that the note, though payable to order, is not indorsed by the payee, but is transferred by delivery only, will not affect his right.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

The note was payable to the order of Garrard, and was never indorsed by him.

*W. O. Forrist* for appellant, cited 1 Daniel's Bills and Notes, 494; *Russell v. Swan,* 16 Mass. 314; *Blakely v. Grant,* 6 Mass. 386; *Boeka v. Nuella,* 28 Mo. 280; *Vaneman v. Stanchfield,* 8 Minn. 518; *Perkins v. Parker,* 8 Mass. 117, 118; *Prescott v. Hall,* 17 Johns. 274; 1 Parsons Con., 357; *Smith v. Sterritt,* 24 Mo. 260; 2 Black. Com., 277; Benjamin on Sales, 3; 1 Addison on Con., 16; *Jones v. Shorter,* 1 Ga. 294; *Roberts v. Waters,* 9 Iowa 434; *Williams v. Hathaway,* 19 Pick. 387; *Gamble v. Johnson,* 9 Mo. 597; *Lane v. Kingsberry,* 11 Mo. 402; *Boxbough v. Messick,* 6 Ohio St. 454.

*Macfarlane & Trimble* for respondents, cited *Grant v. Kidwell,* 30 Mo. 455; *Savs. Inst. v. Holland,* 38 Mo. 49; *Paulette v. Brown,* 40 Mo. 52; *Percival v. Frampton,* 2 Comp. M. & R. 180; *Pairer v. Morris,* 2 Ellis & B. 89; *McCarty v. Roots,* 21 How. 432; Parsons on Notes, (2 Ed.) 222, 223, 224; *King v. Clark,* 7 Mo. 269; *Boeka v. Nuella,* 28 Mo. 180; *Bennett v. Pound,* 28 Mo. 598; *Lewis v. Bowen,* 29 Mo. 202; *Willard v. Moies,* 30 Mo. 142; *Smith v. Sterritt,* 24 Mo. 262; Drake on Attachments, (3 Ed.) chap. 24; *Black v. Paul,* 10 Mo. 103.

HOUGH, J.—Thomas W. Garrard was sued in attach-

ment by Joseph W. Carson; and S. M. Dodson, who had previously executed a promissory note to said Garrard, was summoned as garnishee. Prior to the institution of the attachment suit Garrard transferred the note by delivery to Silas W. Davis, as collateral security for a pre-existing debt. Dodson, the garnishee, answered, setting up the transfer of the note to Davis, and by leave of the court, paid into court the amount due on said note and was discharged. Davis was made a party, and asserted his claim to the proceeds of the note. Carson, the attaching creditor, contests the right of Davis to said proceeds, on the ground that there was no sufficient consideration to support the transfer.

In *Goodman v. Simonds*, 19 Mo. 106, it was held that one who takes negotiable paper as collateral security for a pre-existing debt, will hold it subject to all the equities existing between the original parties. *Vide* also *Logan v. Smith*, 62 Mo. 458. In all other respects, however, his title is good against all the world. In the case at bar the maker is asserting no equities against the holder of the note. On the contrary, he admits the debt, and has paid the amount thereof into court. But if any equities did exist in favor of the maker, the attaching creditor could not avail himself of them. The debt due Davis exceeds the amount of the note assigned to him by Garrard, and there being no fraud in the transfer, Davis is entitled to the proceeds of the note. Nor does the fact that the note was transferred to him by delivery only, in any way impair his right to such proceeds. *Boeka v. Nuella*, 28 Mo. 180; *Bennett v. Pound*, 28 Mo. 598; *Lewis v. Bowen*, 29 Mo. 202; *Willard v. Moies*, 30 Mo, 142. The ruling of the circuit court was in accordance with the views here expressed, and its judgment will be affirmed. All concur.

AFFIRMED.