SNIDER, *Appellant,* v. ADAMS EXPRESS COMPANY.

**Trustee of an Express Trust:** CONSIGNOR SUING AS SUCH. The plaintiff, having sold land as agent of the owner and received the purchase money, delivered the latter to an express company for transportation to the owner. It was lost in transit. *Held,* that the plaintiff could maintain an action for its recovery. He was the "trustee of an express trust," within the meaning of section 3463, Revised Statutes 1879.

*Appeal from Cedar Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

This was a suit by Henry J. Snider to recover damages for failure to deliver money alleged to have been placed in the care of the express company for transportation. At the trial plaintiff gave evidence tending to show that, as agent for his brother Andrew Snider and his sister Louisa J. Snider and several other persons, he sold a tract of land and received the purchase money; that he divided this money according to the interest of each, put the share of each into an envelope by itself, marking the envelope with the name of the owner, and placed them all in a larger envelope; that he then deposited the latter with the express company with directions to deliver the same to said Andrew Snider, taking a receipt in the usual form and paying charges of transportation with money reserved out of the fund; that all the beneficiaries lived in the same town; that the package was duly delivered to said Andrew, but upon being opened the envelope containing the share of said Louisa was found to be missing. This was the money sued for. The court sustained a demurrer to this evidence, and plaintiff took a non-suit with leave to move to set the same aside. In due time this motion was made and overruled, and plaintiff brought this appeal.

*E. E. Kimball* and *E. J. Smith* for appellant.

Plaintiff is the proper party to bring this suit. Defendant agreed with him to convey the money safely, and from him received the fee therefor. *Blanchard v. Page*, 8 Gray 281; *Hooper v. R. R. Co.*, 27 Wis. 81; *s. c.*, 9 Am. Rep. 439; *Southern Express Co. v. Craft*, 49 Miss. 480; *s. c.* 19 Am. Rep. 4; *Grinnell v. Schmidt*, 2 Sandf. 706; *Robbins v. Deverill*, 20 Wis. 148; *Joseph v. Knox*, 3 Camp. 320; *Dunlop v. Lambert*, 6 Cl. & Fin. 600; *Davis v. Harness*, 39 Ohio St. 332; *s. c.*, 22 Am. L. Reg. 213. His right of action on the contract is not affected by the provision of the code which requires every action to be brought in the name of the real party in interest. The consignor is a party in interest to the contract, and it does not lie in the carrier, who made the contract with him, to say, on a breach of it, that he is not entitled to recover the damage, unless it be shown that the consignee objects, for without that it will be presumed that the action was commenced and prosecuted with the knowledge and consent of the consignee, and for his benefit. The consignor is by the operation of the rule regarded as a trustee of an express trust, like a factor or other mercantile agent, who contracts in his own name on behalf of his principal. *Denver, etc., R. R. Co. v. Frame*, (Supt. Ct. Colorado); 16 Cent. L. J. 337; *s. c.*, 1 Denver L. J. 66.

The consignee, Andrew Snider, had and has no possible interest in the subject matter of this suit. He was not a party to the contract of carriage, and had he received the money sent to him, he would simply have been charged with the duty of delivering it to Louisa to whom it belonged, according to the instructions sent by plaintiff. On the other hand, Louisa never authorized the money to be sent in any way. Plaintiff assumed all risk of loss, and Louisa could maintain an action against him for the money. Therefore he is the real party in interest here. *Stewart v.*

*Frazier*, 5 Ala. 114; *Kowing v. Manly*, 49 N. Y. 192 ; *s. c.*, 10 Am. Rep. 346 ; *Jenkins v. Bacon*, 111 Mass. 373 ; *s. c.*, 15 Am. Rep. 33.

*Blair & Perry* for respondent.

Plaintiff is not the trustee of an express trust. An express trust is created by an instrument that points out directly and expressly the property, persons and purposes of the trust. And as they are directly declared by the parties there can never be a controversy whether they exist or not. Such a trust cannot be proved by parol, and can only be created by writing. Perry on Trusts, (3 Ed.) §§ 24, 79, 82. Louisa J. Snider is the real party in interest, and the suit should have been brought in her name. *Williams v. Whitlock*, 14 Mo. 553 ; *Hutchings v. Blackford*, 35 Mo. 285 ; *Weise v. Gerner*, 42 Mo. 527 ; *Wallhormfechtel v. Dobyns*, 32 Mo. 310 ; *State v. Anderson*, 5 Kas. 115 ; *Railroad Co. v. Wheaton*, 7 Kas. 232 ; *Coffman v. Parker*, 11 Kas. 12 ; *State v. Jefferson Co.*, 11 Kas. 66 ; *Humphreys v. Keith*, 11 Kas. 108 ; *Schnier v. Fay*, 12 Mo. 184 ; *Crowell v. Ward*, 16 Kas. 60. The person for whose use a contract for carriage is made is the proper one to sue for its breach, though it is not made with him. Angell on Carriers, §§ 495, 497, 506 ; *Hooper v. R. R. Co.*, 27 Wis. 81 ; *Magruder v. Gage*, 33 Md. 344 ; *s. c.*, 3 Am. Rep. 177 ; *Krulder v. Ellison*, 47 N. Y. 37 ; *s. c.*, 7 Am. Rep. 402 ; *Thompson v. Fargo*, 49 N. Y. 188 ; *s. c.*, 10 Am. Rep. 342.

SHERWOOD, J.—The controlling question in this case is, whether the plaintiff is the proper party to sue, the answer denying that he is the proper party.

It is quite clear from the testimony, that the plaintiff was acting as the agent of his sister, Louisa J. Snider, in collecting and forwarding the money arising from the sale of her interest in the land. The contract with the defendant company, for the transmission of the money, for the loss of which suit is now brought, was made by plaintiff,

in his own name, without mention of any one as beneficiary of such contract. If so, then it was competent for the agent, with whom the contract was actually made, to sue in his own name, or for his undisclosed principal, with whom in point of law the contract was made, to sue in her own name. *Cothay v. Fennell*, 10 B. & C. 671; *s. c.*, 21 E. C. L. 146; Story on Agency, §§ 160, 270, and cases cited; *Ferris v. Thaw*, 72 Mo. 446. In *Blanchard v. Page*, 8 Gray 281, the same view as that just announced is stated, and it is there held after an extensive and elaborate review of the authorities, by Shaw, C. J., that a consignor was the proper party to sue, though having neither a general or special property in the goods.

But it is urged that under the code the action must be "prosecuted in the name of the real party in interest." R. S. 1879, § 3462. But there are exceptions to this rule, expressly made in the section quoted, and set forth in the section following. Among those exceptions is that of a trustee of an express trust, who may sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. In the language of the section referred to, "A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

It is claimed by counsel for defendant that there is no express trust in the case, because such trust must point out with precision the subject, the persons and the purposes of the trust; cannot be proved by parol, and can only be manifested or proved by some writing. Whatever of truth there may be in this position regarding trusts as to realty, it is not true regarding personal property; for such property is not within the terms of the statute, and such trusts, consequently, may be declared and proved by parol. The point has been so decided inferentially in England, and directly decided in this way in this country. 1 Perry on Trusts, § 86, and cases cited.

But we need not search the text books in the endeavor to maintain in the present instance that the plaintiff is the trustee of an express trust, since, under the terms of the statute, the circumstances of this case endow him with all the attributes pertaining to that character : (1) He is the person with whom, and in whose name, the contract now in suit was made. (2) He made the contract for the benefit of another, as shown by the evidence adduced.

It was held at an early day in this State, that a party to whom a note had been assigned merely for the purpose of collection, was the "real party in interest," within the meaning of the statute ; that the assignment created in the assignee the legal interest and thereby he became the proper party to sue. *Webb v. Morgan*, 14 Mo. 429. This ruling was followed in the similar case of *Beattie v. Lett*, 28 Mo. 596, where the one just mentioned was approvingly cited and followed, and the remark made that the assignees had the right to maintain an action on the note in their own names, "because they were the trustees of an express trust, and had the legal title to the note." So, also, in *Simmons v. Belt*, 35 Mo. 461, in similar circumstances, the above case was cited with approbation ; and in *Nicolay v. Fritschle*, 40 Mo. 67, where it was held that though the sum mentioned in the note was not due the plaintiff, yet that he being the payee mentioned therein ; having possession of the notes and the legal title thereto, that he had such an interest as authorized him to sue; that if the notes were impressed with a trust in his hands, that trust could subsequently be asserted; that the fact that such a trust existed constituted no defense to the action, and that a judgment was properly rendered as if for want of an answer, where the answer set up the facts aforesaid.

Now, if a contract originally made in the name of another, by an assignment thereof, which confers no beneficial interest—which makes the party to whom made the mere naked depository of the legal title—can endow the assignee with rights as the real party in interest—can clothe

him with the attributes of a trustee of an express trust—assuredly a party with whom, and in whose name the contract was originally made, for the benefit of another, should encounter no legal obstacle in maintaining an action in his own name on the contract thus made. And so the point has been ruled; as in the case where a written contract was made with an administrator of an estate, and upon his resignation as such, action being brought by the administrator *de bonis non*, it was ruled that under the new code of procedure, the contract, if made with the original administrator for the benefit of the estate, he, as the trustee of an express trust, was the proper party to sue. *Harney v. Dutcher*, 15 Mo. 89. And in *Rogers v. Gosnell*, 51 Mo. 466, it was held, that under the statute the party in whose name a contract was made, for the benefit of another, might maintain action upon it, being the trustee of an express trust, and that the beneficiary might, also, do the like, as a recovery by either would be a bar to another action by the other. See also, Bliss on Code Plead., §§ 45, 46.

It only remains to say that the plaintiff can maintain his action. Therefore, judgment reversed and cause remanded. All concur.