C. N. WILLISON, Appellant, v. DAVID M. SMITH *et al.,* Respondents.

St. Louis Court of Appeals, December 27, 1892.

1. **Chattel Mortgage:** REPLEVIN BY HOLDER OF NOTE FOR COLLECTION. After condition broken, the mortgagee may maintain an action of replevin for the property covered by a chattel mortgage, and this right passes to the indorsee of the note secured by the mortgage, though he holds it only for collection.

2. **Promissory Note:** IMPLIED AUTHORITY TO INDORSE IN NAME OF PAYEE.   One who is authorized to collect a promissory note for the payee, but himself resides at a point far distant from the place of payment, has implied authority to indorse it in the name of the payee to a resident of the place of payment for collection.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Edmond A. B. Garesche*, for appellant.

*Robert W. Goode*, for respondents.

ROMBAUER, P. J.—The plaintiff brought an action of replevin for the possession of certain household furniture. The action was brought before a justice of the peace, and upon its trial anew in the circuit court the plaintiff was nonsuited. An inquiry of damages was thereupon had in favor of defendants, the jury assessing the value of the property at $175, and the damages for its detention at $76.50. Judgment was rendered accordingly. Error is assigned by the plaintiff, appealing on both branches of the case.

It appeared in evidence that, on June 24, 1890, the defendants made a negotiable promissory note for $81.25, payable to the order of E. R. Mackey on July 24, 1890, at the office of the Missouri Mortgage Loan Company in St. Louis, and secured the note by chattel mortgage on the property in controversy. The plaintiff is an employe of the Missouri Mortgage Loan Company, and held this note for collection in August, 1891, and for some time prior thereto. The note remaining unpaid, the plaintiff instituted this suit of replevin.

The only ground on which the plaintiff could have been nonsuited was his failure to show such title to the note in himself, as would entitle him to maintain an action at law thereon in his own name. If he could maintain an action at law on the note, it necessarily results that he could maintain an action at law on the mortgage, which, under the decisions in this state, is a mere incident to the note. *Thayer v. Campbell*, 9 Mo. 280; *Anderson v. Baumgartner*, 27 Mo. 80; *Potter v. Stevens*, 40 Mo. 229. After condition broken, the legal title to the property mortgaged is in the mortgagee (*Lacey v. Giboney*, 36 Mo. 320; *Johnson v.*

*Houston,* 47 Mo. 227), and, in case of assignment of the mortgage debt, in the assignee.

It appeared in evidence that the plaintiff did not know E. R. Mackey, the payee, personally, and had no correspondence with him of any kind; and that this note was transmitted from St. Louis to one F. J. Mackey in Chicago, who, as far as the evidence shows, had charge of nearly all of E. R. Mackey's business consisting of claims and collections. When the note was returned to the plaintiff from Chicago, it bore an indorsement of the name of E. R. Mackey, which indorsement was written by F. J. Mackey. It also appeared that F. J. Mackey gave special verbal instructions to the plaintiff in regard to this note and mortgage, and its enforcement. It further appeared that, in the suit before the justice, E. R. Mackey was made a coplaintiff in this suit, and his name is signed to the recognizance of appeal as that of a principal. On the trial in the circuit court, however, his name was withdrawn as a plaintiff.

We must hold that upon this showing the plaintiff was improperly nonsuited. It has always been the law of this state that a holder of a note may maintain an action at law thereon in his own name. *Boeka v. Nuella,* 28 Mo. 180; *Bennett v. Pound,* 28 Mo. 598; *Willard v. Moies,* 30 Mo. 142; *Lewis v. Bowen's Adm'r,* 29 Mo. 202; *Harvey v. Brooke,* 36 Mo. 493; *Davis v. Carson,* 69 Mo. 609. It is immaterial whether the note is negotiable or not negotiable (*Spears v. Bond,* 79 Mo. 467), or whether the holder holds it for collection merely. *Webb v. Morgan,* 14 Mo. 430; *Beattie v. Lett,* 28 Mo. 596; *Simmons v. Belt,* 35 Mo. 461; *Jefferson Savings Association v. Morrison,* 48 Mo. 273.

As far as the evidence shows, this note never was in the possession of E. R. Mackey, except in so far as it was in the possession of his agent, F. J. Mackey. As

F. J. Mackey was a resident of Chicago, if he had any authority to collect this note (which fact is not disputed), he had authority to indorse it for collection to some one in St. Louis, where the note by its terms was payable. Under the law of agency, such authority is implied under the circumstances, even though the agent has no authority to make his principal liable as an indorsee by such indorsement. Mechem on Agency, secs. 194, 195; Wharton on Agency, secs. 31, 32. Having so indorsed it, the agent in St. Louis became under all the authorities in this state a holder for collection, and could maintain an action at law on the note in his own name, and after condition broken on the mortgage, subject of course to all the equities which the payee has against the true owner. The fact that E. R. Mackey appears to be a usurer, and that the plaintiff has lent himself to the enforcement of an oppressive bargain, cannot change the applicatory law.

On the second branch of the case the court committed error in instructing the jury to find damages for detention, when no such damages were shown, and in sustaining the finding of $76.50 for such damages. As the judgment must be reversed for error on the main issue, we mention this matter merely to avoid the repetition of such errors in similar cases.

Judgment reversed and cause remanded. All the judges concur.