WEST PLAINS BANK, Appellant, v. W. H. EDWARDS et al., Respondents.

St. Louis Court of Appeals, May 8, 1900.

1. **Assignment of Promissory Note, Effect of:** EXPRESS TRUST: STATUTORY CONSTRUCTION. Where a promissory note is assigned for collection and without recourse, the effect of the assignment is to create the assignee a trustee of an express trust under section 541, Revised Statutes 1899, with power to sue on the note in his own name, and to enforce all the remedies which his beneficiary might have enforced, had he sued in his own name.

2. **Deed, Assumption Clause in:** CREDITOR: EQUITY: VENDOR'S LIEN. In the case at bar the assumption clause in the deed from Hunter to Edwards made Edwards personally liable to the creditors of Hunter therein designated, and the amounts assumed by Edwards being part of the consideration of the land, the land in equity would be chargeable with a vendor's lien in favor of the creditors whose debts he assumed to pay.

3. ———: ———: ———: RECORD OF DEED: NOTICE. And after the deed was placed of record, it gave notice to the world that the amount assumed by Edwards was part of the purchase price, and of a vendor's lien in favor of those to whom these debts were due.

Appeal from the Wright Circuit Court.—*Hon. Argus Cox*, Judge.

REVERSED AND REMANDED (*with directions*).

*F. M. Mansfield, Harwood & Meredith* for appellant.

(1) A vendor has a lien against the land conveyed for any part of the purchase price remaining unpaid against the purchaser and subsequent purchasers who have notice of the nonpayment of the purchase price; this lien being an incident of the transaction can be excluded only by facts which show an intention to exclude it, and the vendee has the burden of repelling the presumption of the lien. 2 Jones on Liens, secs. 1064, 1065 and 1083; Major v. Bukley, 51 Mo. 227; Carr v. Thompson, 67 Mo. 472; Bennett v. Shipley, 82 Mo. 448; Pratt v. Eaton, 65 Mo. 157. (2) The vendor's lien sought to be enforced arose on the sale from Hunter to Edwards, and neither the personal assumption of the debt by the vendee nor the fact that the debt assumed was already secured by mortgage will constitute a waiver of the lien. 2 Warvelle on Vendors, 731; Major v. Bukley, 51 Mo. 227; Pratt v. Eaton, 65 Mo. 157; Sidwell v. Wheaton, 114 Ill. 267; Bronson v. Wanzer, 86 Mo. 408. (3) A vendor's lien is assignable and where by agreement between the vendor and vendee the purchase money or a part thereof is made payable to a third person a lien exists in favor of such third person against the vendee and subsequent purchasers with notice. 2 Jones on Liens, secs, 1073, 1094; 2 Warvelle on Vendors, 704; Dickason v. Fisher, 137 Mo. 342; Sloan v. Campbell, 71 Mo. 387; Bailey v. Smock, 61 Mo. 213; Carr v. Thompson, 67 Mo. 472; Woodall v. Kelly, 85 Ala. 386; Latham v. Staples, 46 Ala. 462; Pruett v. Pruett, 91 Ind. 595. (4) The assumption clause in deed by Hunter to Edwards gave notice to all subsequent purchasers that part

of the purchase price was unpaid and charged respondents with notice of the existence of a vendor's lien therefor. Tydings v. Pitcher, 82 Mo. 379; Patterson v. Booth, 103 Mo. 402; Freeman v. Moffitt, 119 Mo. 280; Orrick v. Durham, 79 Mo. 174. (5) The assumption clause created a lien on the whole of the land in two ways. First. By showing that part of the purchase money was unpaid thus raising the implied vendor's lien. Second. The clause in itself creates by contract a lien for the payment of the debts referred to. 2 Warvelle on Vendors, 731; Sidwell v. Wheaton, 114 Ill. 267; Blackmore v. Parkes, 81 Fed. Rep. 899 (54 U. S. App. 123); Bronson v. Wanzer, 86 Mo. 408. (6) In the assumption clause the "incumbrance of $1,000," which the vendee assumes, is mentioned as if it were a lien on both tracts; the vendee or those claiming under him can not deny that it is such a lien; if as a mortgage lien it were absolutely void, still as a vendor's lien it would be saved by this recital. 1 Jones on Mortgages (4 Ed.), sec. 744; 2 Warvelle on Vendors, 659; Daub v. Engleback, 109 Ill. 267.

*White & McCammon* and *Cook & Gossett* for respondents.

(1) This case having been appealed by filing in this court merely a copy of the judgment and order allowing appeal, it is necessary before it can be determined that the judgment of the circuit court is improper, that this court have before it the whole record, including all the evidence, especially since this is an equity case. Appellants having failed to present such abstract, the judgment should be affirmed. This court will not go sailing about on a voyage of discovery. Rule 12 of this court. Rule 19 of this court. Gregory Grocery Co. v. May, 80 Mo. App. 300. (2) Plaintiff, claiming title through a restricted assignment for collection only, expressly prohibiting a recourse by it upon the

security, can not enforce the security. An assignment of a personal debt silent as to security as a rule impliedly carries the latter; but an assignment expressly reserving or denying recourse to the security will not transfer the latter. This is a self-evident proposition. Campbell v. Roeder, 44 Mo. App. 324. (3) The incumbrance named in the deed from Hunter to Edwards was an "incumbrance of $1,000 to the Southern Agency & Investment Company of Kansas City, Mo., and a deed of trust for $535 to Randolph Cox." The agreement of Edwards to pay a $1,000 incumbrance to the Southern Agency & Investment Company was not an assumption or agreement to pay a mortgage of like amount to the Land Mortgage Investment and Agency Company of America, Limited. There is a fatal variance between the debt agreed to be paid and the one sought to be enforced. No promise was made to pay plaintiff or its principal. Gay v. Race, 51 Mo. App. 553; Stearns v. Porter, 46 Conn. 313. (4) Mistakes can not be corrected, and the thing intended but by mistake not expressed to be contracted for can not be enforced against third persons (these respondents) acquiring for valuable consideration their interests without notice of appellants' (or its principal) alleged rights. Martin v. Nixon, 92 Mo. 35; Brown v. Barrett, 75 Mo. 275. (5) The intention of Mr. Hunter, the keeping back of money "to pay this identical bond" by Mr. Edwards, the alleged mistake testified to by Hunter, and matters of like character testified to by him, were all *dehors* the record, and chargeable only upon actual notice to these respondents. Martin v. Nixon, 92 Mo. 26. (6) That Mr. Hunter might possibly have (although it is not admitted that he has) some rights against this tract "B" of the land, and that as between him and these respondents they might possibly be held chargeable with notice that $1,000 of purchase price had not been paid Hunter, yet this

is not notice nor evidence that these respondents had notice that Edwards had in fact (though by mistake it was not specified) promised to pay plaintiff's principal's deed of trust for that amount or retained $1,000 for its use and benefit. The *allegata and probata* must correspond. Gay v. Race, 51 Mo. App. 553.

BLAND, P. J.—The undisputed evidence introduced on the trial of this cause discloses substantially the following facts: On the twenty-eighth day of February, 1891, defendant Malcolm Hunter was the owner of two contiguous tracts of land in Wright county, Missouri, containing about 320 acres; the descriptions of these tracts being somewhat complicated, we will hereafter refer to them as "Tract A" and "Tract B" respectively. On February 28, 1891, Hunter executed a deed of trust conveying to Ragland, trustee, said Tract A to secure the payment of his note for $1,000, and interest, due January 1, payable to the Land Mortgage Investment and Agency Company of America, Limited; this note was, before the bringing of this suit, transferred to the plaintiff West Plains Bank for collection and is the note sued on herein.

On April 17, 1894, said Hunter executed a deed of trust to Musick, trustee, on said tract B, to secure the payment of his note to R. Cox for $535.

On February 23, 1895, said Hunter conveyed both tract A and tract B by warranty deed to defendant W. H. Edwards for a recited consideration of $3,500; this deed contained the following clause, "subject to an incumbrance of one thousand ($1,000) dollars to the Southern Agency & Investment Company of Kansas City, Mo., also a deed of trust to Randolph Cox for $535, which said second party assumes and agrees to pay as part of the purchase money thereof."

On April 17, 1895, Cox released his deed of trust on tract B.

On December 2, 1895, said Edwards executed two trust deeds conveying said tract B to defendant William P. Holmes, trustee to secure his notes of $1,000 and $50, payable to defendants Holmes and Gay and E. E. Holmes & Co., respectively.

On May 4, 1897, the deed of trust on tract A securing the note herein sued on was foreclosed at trustee's sale made by the sheriff as substitute trustee and the real estate covered thereby purchased by C. R. Raney for $325 and a proper credit was given on said note for the money realized at said trustee's sale; on May 14, 1897, said Raney conveyed said tract A to defendant P. E. Edwards, wife of W. H. Edwards.

On June 28, 1897, defendants Edwards and wife conveyed to defendant J. D. Graves said tract B, subject to the $1,000 mortgage to Holmes and Gay.

On June 29, 1897, defendant P. E. Edwards and W. H. Edwards, her husband, conveyed to defendant Graves by warranty deed said tract A; this deed was acknowledged on the same day before the same officer and was filed for record at the same time as the deed last mentioned from Edwards and wife to Graves conveying said tract B. All these instruments were properly executed and acknowledged and were filed for record on about their respective dates and are duly recorded in the office of the recorder of deeds of Wright county, Missouri.

Chronologically the facts are as follows: February 28, 1891, trust deed, Hunter to Ragland, trustee on tract A securing the note herein sued on.

April 17, 1894, trust deed, Hunter to Musick, trustee, on tract B securing $535 note to Cox.

February 23, 1895, warranty deed, Hunter to W. H. Edwards, conveying tracts A and B, in which the grantee assumes as part of purchase price the two notes last above mentioned.

April 17, 1895, release of Cox trust deed on tract B.

December 2, 1895, two trust deeds, Edwards to Holmes, trustee, on tract B securing $1,000 and $50 notes to Holmes and Gay and E. E. Holmes & Co.

May 4, 1897, foreclosure of trust deed on tract A to secure the note herein sued on, leaving the deficiency for which this suit is brought, amounting to $1,066; property bought by C. R. Raney: Trustee's deed filed for record May 14, 1897.

May 14, 1897, quitclaim, Raney to P. E. Edwards, tract A.

June 28, 1897, warranty deed, Edwards to J. D. Graves tract B subject to the Holmes and Gay deed of trust of $1,000.

June 29, 1897, warranty deed, Edwards and wife to J. D. Graves tract A.

The evidence shows that the Southern Agency and Investment Company named in the deed from Hunter to Edwards as the party to whom the $1,000 incumbrance was owing was the collection agent of the Land Mortgage Investment & Agency Company of America, Limited, to whom the $1,000 incumbrance had in fact been made; that Hunter paid to the Southern Agency & Investment Company the interest on the $1,000 note and that both parties to this deed understood that by the assumption clause it was intended that Edwards should assume the $1,000 note sued on in this action.

The undisputed evidence of Hunter further shows that the sale to Edwards was of the whole farm embracing tract A and tract B for a solid price of $3,500; that Edwards reserved out of the purchase price a sufficient amount to pay the two notes assumed by him; that the sale would not have been made without this arrangement for the payment of both notes.

Other witnesses testified that on tract B was the farm

house and other buildings, and that it was fine bottom land and worth two or three times as much as tract A.

Plaintiff, West Plains Bank, the holder of the note for $1,000 made by Hunter to the Land Mortgage Investment & Agency Company of America, Limited, secured by the trust deed to Ragland, trustee, on tract A, brought this suit to recover from Hunter, the maker thereof and from Edwards who assumed its payment, the balance owing on said $1,000 note and to enforce against tract B a vendor's lien.

Plaintiff contends that this vendor's lien extends to both tracts, while defendants contend that the recital in the deed from Hunter to Edwards, showing that this note was to be paid as part of the purchase price and that Edwards assumed the payment thereof, did not operate to extend the vendor's lien over any more of the land conveyed than was originally covered by the trust deed given by Hunter on tract A securing this note.

The lower court rendered a personal judgment against Hunter and Edwards for the amount owing on the note but denied plaintiff's right to enforce a vendor's lien against tract B.

1. The assignment of the note to the West Plains Bank was for collection and without recourse. The effect of the assignment was to create the bank a trustee of an express trust under section 541 Revised Statutes 1899, with power to sue on the note in its own name and to enforce all the remedies which its beneficiary might have enforced, had it sued in its own name. Springfield to use v. Weaver, 137 Mo. loc. cit. 670; Beattie v. Lett, 28 Mo. 596; Simmons v. Belt, 35 Mo. 461; Dean v. Chandler, 44 Mo. App. 338; Young v. Hudson, 99 Mo. 102; Smith v. Kennett, 18 Mo. 154.

2. The assumption clause in the deed from Hunter to Edwards made Edwards personally liable to the creditors of

Hunter therein designated, and the amounts assumed by Edwards being a part of the consideration for the purchase of the land, the land in equity would be chargeable with a vendor's lien in favor of the creditors whose debts he assumed to pay. Blackstone v. Parks, 54 U. S. App. 123; Sidwell v. Wheaton, 114 Ill. 267; Bronson v. Wanzer, 86 Mo. 408; Dickason v. Fisher, 137 Mo. 342; Sloan v. Campbell, 71 Mo. 387; Carr v. Thompson, 67 Mo. 472; Woodall v. Kelly, 85 Ala. 386; Pruett v. Pruett, 91 Ind. 595; Williams .v. Crow, 84 Mo. 298; 2 Jones on Mortgages, secs. 1073-1094; 2 Warville on Vendors, 704-731. And after the deed was placed of record it gave notice to the world that the amount assumed by Edwards was a part of the purchase price and of a vendor's lien in favor of those to whom these debts were due. Patterson v. Booth, 103 Mo. 402; Freeman v. Maffitt, 119 Mo. 208; Tydings v. Pitcher, 82 Mo. 379; Bronson v. Wanzer, 86 Mo. 408; Orrick v. Durham, 79 Mo. 174.

3. The assumption to pay the $1,000 was to pay the Southern Agency & Investment Company of Kansas City, Mo.; the debt was due to the Land Mortgage Investment & Agency Company of America, Limited, and the trust deed on tract A to secure the $1,000 was also for the benefit of the latter company, and the evidence is that the Kansas City Company was the agent of the Land Mortgage Investment & Agency Company, and that interest on the note had been paid by Hunter to the Kansas City Company. The deed of trust on tract A was notice to Edwards and his mortgagees, grantees and all subsequent purchasers, that the Land Mortgage Investment & Agency Company, Limited, was the corporation with whom the original indebtedness was contracted. The assumption to pay this debt to the Kansas City Company would indicate that it, by assignment or otherwise, had become the holder of the debt. As it turned out (according to the evidence), that the Kansas City Company

was the agent of the owner and authorized to receive payment, it may be very well said that the assumption to pay the agent inured to the benefit of the principal and that the principal is entitled to the beneficial results of the promise and assumption of Edwards to pay the debt. Bruen v. Kansas City Fair Association, 40 Mo. App. 425. In this view of the transaction there is no fatal variance between the proof and the allegation in the petition, that the assumption was to pay the $1,000 made to the Land Mortgage Investment & Agency Company, Limited.

4. The sale of tracts A and B by Hunter to Edwards was one transaction and for the gross sum of $3,500. By the assumption clause in the deed Edwards agreed to pay two specific debts, secured by two separate mortgages, one upon either of the tracts. He agreed to do this as part consideration for the purchase of the two tracts. His agreement was not simply to relieve the two tracts of the incumbrances, but to pay the two debts mentioned in the assumption clause: one for $1,000 and one for $535, the latter was paid; the $1,000 has not been paid. Until it is paid the purchase price for the land will remain unpaid and the vendor's lien will continue as an incumbrance on tract B, unless it can be said that the intention and effect of the assumption clause was to bind Edwards to pay the subsisting liens on each tract at the time of his purchase. The learned trial judge seems to have taken this view of the case, and counsel for respondent cite and rely upon Winn v. Lippincott, 125 Mo. 528 as supporting this view. The assumption by the grantee in the Winn case was that he should assume the payment of 115 notes of $1,000 each, which were secured on the property conveyed by three deeds of trust. It was agreed between the seller and the purchaser that the latter might subdivide the land into lots, and that on the payment of each one of the $1,000 notes an acre of the land should be released. $81,000 of the notes were paid out of the pro-

ceeds of the sale of the lots and releases obtained therefor under the provisions of the deeds of trust. The holders of some of the unpaid notes endeavored to enforce a vendor's lien against the lots which had been released. All the parties to the suit were acquainted with the transaction, and it was held that there was no intention on the part of any of the parties concerned in the original transaction to retain a vendor's lien. No such intention is manifested by the transaction in this case; on the contrary, the language of the assumption clause in the Edwards deed clearly manifest an intention on the part of Hunter to retain a vendor's lien in favor of the holders of the two notes, and that Edwards contracted to pay these debts and agreed that a vendor's lien for their security should be retained. The defendants are all affected with notice of this lien, and we reverse the judgment and remand the cause, with directions to the circuit court to enter judgment for plaintiff in conformity with the views herein expressed.

Judge *Bond* concurs; Judge *Biggs* absent.