## C. H. BARBER, Respondent, v. DENNIS J. STROUB et al., Appellants.

### Kansas City Court of Appeals, March 6, 1905.

1. **BILLS AND NOTES: Partnership: Action: Evidence.** A partner bought and paid for a note with the partnership funds and the payee delivered the same to him. He and his copartner both testified that he was the sole owner. *Held,* the evidence justified the finding that plaintiff had the sole beneficial interest in the note and could maintain an action in his own name thereon.

2. ———: ———: ———: **Trustee.** *Held,* further, it is not necessary that the plaintiff should be the sole owner or have any beneficial interest in the note. If he is a holder by endorsement and delivery, he may, with the consent of his partner, bring suit in his own name, since he is vested with legal title thereto, and the interest of the firm in the note is a matter of adjustment between the partners.

3. ———: ———: ———: **Mortgage.** A mortgage is an incident to the note it secures and the right to maintain an action on the latter carries with it the right to foreclose the mortgage.

Appeal from Jackson Circuit Court.—*Hon. S. C. Douglass,* Judge.

AFFIRMED.

*George H. English, Jr.,* and *Ben R. Estill* for appellants.

(1)  Partnership property is joint property and each partner is possessed of all of the firm's property *per my et per tout* and each partner has a joint interest in the whole and not a separate interest in any particular part of partnership property.  22 Am. and Eng. Ency. Law (2 Ed.), 95; Hyde v. Moxie Co., 160 Mass. 559; Dewey v. Carey, 60 Mo. 224; Henry v. Township, 70 Mo. 500; Parke v. Richardson, 35 Mo. App. 192; White v. Dyer, 81 Mo. App. 643; Culver v. Smith, 82 Mo. App. 390; Slaughter v. Davenport, 151 Mo. 26; Nanson v. Jacob, 93 Mo. 331; Giraldin v. Howard, 103 Mo. 40; Ball v. Strobecker, 2 Spears (S. Car.) 364; State v. Heseslmeyer, 34 Mo. 76.  (2)  This is an action also for the foreclosure of a mortgage, and even should the court find that one partner may bring an action upon a promissory note, owned and held by the partnership, still the court cannot say that a mortgage may be foreclosed by one partner when in fact it belongs to the firm.  It has been held that even though a mortgage be given in the name of one partner and held by him, if in fact it is owned by the firm, all the members of the firm must join in an action to foreclose, and this is true whether the action be one in equity or statutory action at law.  DeGuiff v. Wilson, 30 N. J. Eq. 435; Jewell v. West Orange, 36 N. J. Eq. 403; Noyes v. Sawyer, 3 Vt. 160; Jones on Mort., par. 1379; 9 Enc. of Pl. and Pr., 272.

*Webster & Gilmer* for respondent.

(1)  The evidence shows C. H. Barber to be the sole owner of the note.  (2)  The bona fide holder of a note, negotiable or non-negotiable, indorsed or unindorsed, has the right to maintain suit on it in his own name, whether he is the sole owner or not.  4 Eng. and

Am. Ency. Law (2 Ed.), 342; 2 Daniel on Negotiable Insts. (4 Ed.), secs. 1191, 1192; Webb v. Morgan, 14 Mo. 429; Beattie v. Lett, 28 Mo. 596; Simmons v. Belt, 35 Mo. 461; Snider v. Exp. Co., 77 Mo. 523; Guerney v. Moore, 131 Mo. 651; Bank v. Edwards, 84 Mo. App. 462; Willison v. Smith, 52 Mo. App. 133; Springfield v. Weaver, 137 Mo. 650. (3) A mortgage is merely an incident of the note, and any person entitled to sue on the note can sue on the mortgage also. Willison v. Smith, 52 Mo. App. 133; Thayer v. Campbell, 9 Mo. 280; Anderson v. Baumgartner, 27 Mo. 80; Potter v. Stevens, 40 Mo. 229.

JOHNSON, J.—On October 15, 1901, defendants executed and delivered to Charles B. Ward, for a valuable consideration, their negotiable promissory note for four hundred dollars, due six months after date. At the same time, for the purpose of securing the payment of said note, they executed and delivered to said Ward their mortgage deed conveying certain real estate situated in Kansas City. In June, 1902, Ward, for a valuable consideration, indorsed the note and delivered it to the plaintiff, who paid the purchase price thereof by check signed by the partnership firm of Barber & Barber, of which firm plaintiff was a member, the partnership being composed of plaintiff and his brother, M. W. Barber. Afterwards, plaintiff, who retained possession of the note and mortgage, brought this suit to recover judgment upon the note and for a foreclosure of the mortgage lien. Among other defenses now abandoned the defendants in their answer pleaded that the plaintiff was not the real party in interest, which fact was put in issue by an appropriate reply. The judgment was for plaintiff.

It appears from the findings of fact made by the court which are supported by the evidence that plaintiff personally conducted the transaction involving the purchase of the note with the payee, Ward; received

and retained possession thereof; paid the purchase price out of the partnership funds with the consent of his partner, and brought this action in his own name with the knowledge and consent of his partner. M. W. Barber testified to these facts, and further stated that the sole ownership of the note was in the plaintiff, but did not appear to know just how the firm was reimbursed for its outlay. The evidence was sufficient to have justified the learned trial judge in finding as a fact that the sole beneficial interest in the subject-matter was vested in the plaintiff, for with both parties stating under oath the fact of plaintiff's sole ownership both would be estopped from afterwards asserting any right in conflict with such claim.

However, it is not essential to plaintiff's right to recover that he should be the sole owner or have any beneficial interest in the note. He was its holder by indorsement and delivery and brought the suit in his name with the consent of his partner. This was all that was required to vest the legal title in him and thereby constitute him the real party in interest. [Webb v. Morgan, 14 Mo. 428; Beattie v. Lett, 28 Mo. 596; Bank v. Edwards, 84 Mo. App. 462; Willison v. Smith, 52 Mo. App. 135.] Whatever interest the other member of the firm had in the proceeds would be a matter between the firm and plaintiff who would have been under such circumstances the trustee of an express trust, the partnership being the *cestui que trust*. [Springfield ex rel. v. Weaver, 137 Mo. 670; Snider v. Express Co., 77 Mo. 527; Beattie v. Lett, supra.] Under the facts disclosed, the satisfaction by defendants of a judgment rendered in this case will be a bar to any cause of action which hereafter may be asserted by either or both members of the partnership, and this is as far as the interest of defendants in the parties plaintiff extends.

The mortgage, under the decisions in this State, being a mere incident to the note, it follows the right

to maintain an action upon the latter carries with it the right to foreclose the mortgage lien. [Willison v. Smith, supra; Thayer v. Campbell, 9 Mo. 280; Anderson v. Baumgartner, 27 Mo. 80; Potter v. Stevens, 40 Mo. 229.]

There is no merit in any other point made. We do not think this case calls for the imposition of penalty for vexatious appeal, and plaintiff's motion therefor is overruled.

The judgment is affirmed. All concur.