Wash, J.,
delivered the opinion of the Court.
This was an action of covenant commenced by Bothick in his lifetime, against Purdy, on a sealed instrument in the following words: a St. Louis, October 30th, 1820. On demand I promise to pay Elias Rector or order one hundred and eighty dollars in carpenters’ work, to be valued by two disinterested persons at the St. Louis cash price, for value received of him the day and year above written, as witness my hand the day and year above written. James J. Purdy.” On which was the following assignment: “ Pay the within to John Bothick or order, (signed) Elias Rector.” The declaration after setting forth the substance of the instrument and the assignment, avers that Bothick “afterwards to wit: on the first day of May, in the year last aforesaid, at the county aforesaid, did demand the said Purdy to pay him the sum of one hundred and eighty dollars in carpenters’ work, agreeably to the terms in said writing obligatory specified,” and assigned the breach in Purdy’s refusal to do the work. The defendant by plea denied the assignment as stated, upon which issue was taken and found for the plaintiff. The defendant then moved in arrest of judgment, and assigned as reasons:
First. That the declaration shows no legal cause of action.
Second. That the instrument declared on is not assignable by law. The judgment was arrested, and to reverse this decision of the Circuit Court, the present writ of error is prosecuted.
There is a general assignment of error. For the defendant in error two points have been presented and relied on :
First. That the writing declared on is not assignable, so as to enable the assignee to maintain an action on it, in his own name.
Second. That there is no cause of action set out in the declaration, because no sufficient demand is alledged.
On both points the law is clearly with the defendant. As to the first point made, the statute in force at the time of the execution and assignment, ( Geyer’s Digest, p. 66,) provides "that all bonds, bills, and promissory notes, for money or property, shall be assignable, and the assignee may sue for them in the same manner as the original holder thereof could do.” In the present case the obligation is not for the payment of money. The words "one hundred and eighty dollars,” are used merely to fix the amount of work to be done by the defendant. Nor is the contract for property, but for personal services only. Such an instrument at the common law had no assignable quality, and our statute gives it none. As to the second point, a special request was clearly necessary, and that too according to the sense of the con *61 tract. It should have been averred with time and place, that Purdy had been requested to work at some particular description or job of carpenters’ work. The judgment was therefore properly arrested by the Circuit Court, and its decision on the motion in arrest of judgment is affirmed with costs.