*Prather* vs. *McEvoy, to use of Nelson.*

PRATHER *vs.* McEVOY, TO USE OF NELSON.

A note for a certain sum, "*to be paid in cut-stone work*," is a note for personal services, and not assignable.—See Bothick's Administrator *vs.* Purdy, 3 Mo. Rep., second edition, p. 60.

## APPEAL from St. Louis Circuit Court.

JOHN B. KING, *for Appellant.*

1. It is alleged in appellant's bill, and admitted in the answer of said McEvoy, that the amount of said note was owing in stone work.

2. It is charged in said bill, that a demand was made on said McEvoy, for the payment of said note, and admitted in his, said McEvoy's answer, and that he did not, and would not, pay off said note when so demanded of him by said appellant.

3. It is charged in said bill, and admitted in said McEvoy's answer, that he, said McEvoy, was and had been insolvent; that a suit at law against him would be unavailing on behalf of the appellant.

4. The appellant being without relief at law, as here manifestly shown, is entitled to the relief he has sought in equity, or lose his debt coming from said McEvoy.

5. He was entitled to this relief in equity at any time before the money was paid on said execution and the execution returned.

6. Nelson has no interest in this cause so as to bar the relief sought by the appellant against the appellee, McEvoy.

7. It would be unjust and wrong in morals, that McEvoy should collect. his judgment off appellant, and appellant lose his demand by said McEvoy's insolvency.

8. This is one of the apparent cases in which chancery has always granted to the suffering party, by this species of fraud practised by appellant McEvoy, relief in the way sought by the appellant in his bill; the appellant, therefore, prays for the relief sought in his bill, that the same may be extended to him, by this honorable Court, for the causes and reasons aforesaid.

HICKMAN, *for Appellee.*

1. No bill of exceptions has been filed in this cause, and therefore neither the motion to dissolve the injunction nor the evidence (if any was used upon the motion) has been preserved.—7 Mo. Rep., 224, 285.

2. By the showing of the appellant himself in his bill, it appears that the claim of McEvoy against him had been transferred to Nelson, and judgment obtained thereon for the use and benefit of Nelson, before any right of action accrued against McEvoy, on the note *for stone work* executed by him to Blount & Baker.—7 Mo. Rep., 598.

3. The appellant made (as appears by his bill) his defence at law — first, before a justice of the peace; second, in the Court of Common Pleas; third, in the Supreme Court; in all of which he was unsuccessful: he then files his bill in chancery, asking to be allowed the same defence he had been refused at law, alleging the insolvency of McEvoy, which is denied in answer, and not proven. I contend, that, by his own showing, the appellant has no good defence to this claim either at law or in equity, and therefore the injunction was rightly dissolved.— See case between these parties, 7 Mo. Rep., 598.

NAPTON, J., *delivered the opinion of the Court.*

This was a bill in chancery brought by Prather, the appellant, to restrain the collection of a judgment at law obtained against him by McEvoy for about ninety dollars. It appears from the bill, that McEvoy, a stone mason, brought suit against Prather, for some stone work done for him, amounting to some ninety dollars, before a justice of the peace; that the defendant offered as a set-off against the account, a note given by McEvoy to Blount & Baker, in the following terms:— "Due Messrs. B. & B. the sum of eighty-four dollars, which is to be paid in cut-stone work.— St. Louis, March 19, 1840.— *John McEvoy.*" On which, was the following endorsement: "For value received, we assign the within to J. V. Prather.— 20th March, 1841.— *Blount & Baker.*" The set-off was not allowed by the justice, and on appeal to the Court of Common Pleas, it was also excluded, and the judgment of the Court of Common Pleas was affirmed by this Court.

The judgment is now sought to be enjoined, upon the ground, that a demand has been made upon McEvoy, for stone work, to the amount of the note by Prather, and because of the insolvency of McEvoy.

In Bothick's Administrator *vs.* Purdy, (3 Mo. Rep., 82,) a note given for the payment of one hundred and eighty dollars in carpenter's work was held to be not assignable, it not being a note for money or property, but for personal services. The same doctrine is held by the Supreme Court of Kentucky, in the cases of Halbert *vs.* Durigs, (4 Litt. Rep., 9,) and Henry *vs.* Hughs, (1 J. J. Marshall, 454.)

We see nothing in the form of the present note to distinguish it from the one in Bothick *vs.* Purdy. Cut-stone work, like carpenter's work, might mean work finished and delivered at the shop, as well as work put up at the residence, or other place designated by the obligee. It is as much a contract for personal service in the one case as the other.

This view of the case prevents the necessity of alluding to the other grounds insisted on by the appellant.

The judgment of the Circuit Court is affirmed.