ROBINSON *et al.*, Plaintiffs in Error, v. COUNTY COURT OF MORGAN COUNTY *et al.*, Defendants in Error.

*Judgment.*—The action of the court in sustaining a demurrer to a petition is not a final judgment, so that an appeal or writ of error may be prosecuted upon it.

*Error to Morgan Circuit Court.*

*Gardenhire*, for plaintiffs in error.

I. The 14th section of the act to incorporate the Osage Valley and Southern Kansas Railroad Company (Laws of Mo. 1847, adj. Sess., p. 62) is unconstitutional. It delegates to the County Court, without any restriction or limitation whatever, the absolute authority to confiscate, by the subscription of stock and formal taxation, the entire property of every citizen of the county. The responsibility of the justices of the County Court to the electors is not a limitation affecting the constitutionality of the law. If the subscription had been equal to the entire property of the county, of what account would be such responsibility ? The question is one of power, not the probabilities of the abuse of it.

II. If the power given is constitutional, the subscription is such an abuse of it as will authorize an injunction.

III. Section 30 of the act to authorize the formation of railroad associations (1 R. C. 427) is applicable to the Osage Valley and Southern Kansas Railroad Company. (1 R. C. p. 438, § 57.) The County Court could not subscribe stock without submitting the amount proposed to be subscribed to the people. Their decision must be had, and is final. Statutes enacted in favor of corporations, and in derogation of common right, are to be strictly construed. (3 Kelley, 31.) The word "*may*," in the 30th section above quoted, means *must* or *shall*. Public interest and rights are concerned, and the tax-payers have a right *de jure* that the question of subscription shall be submitted to them. (5 Cowen, 188; 9 Porter, 390; 4 Gil. 24.) See also act of Jan. 14, 1860, amending section 30, so as to read " shall for information," instead of " may for information." (Laws 1859–60, p. 88.) The amendment shows what was originally intended, and was to place the matter beyond *doubt*.

IV. If section 30 of the general railroad law is not peremptory, the County Court, having submitted the question of

subscription to the people, could not subscribe a larger amount than rejected by their vote.

*J. P. Ross*, for defendant in error.

I. The refusal of the court to grant an injunction was not a final determination of the cause within the meaning of the statute, consequently a writ of error will not lie.

II. An injunction is not the proper remedy. The threatened injury is not in its nature irreparable. Damages would compensate plaintiffs. (2 Story's Eq. Juris. 260, § 928 and following.)

III. The County Court of Morgan county had, both by the general railroad law and the act incorporating the Osage Valley and Southern Kansas Railroad, the power to subscribe to the capital stock of said road, and to raise the amount subscribed by taxation, or by issuing the bonds of the county. (R. C. 1855, 427, § 30; also Sess. Acts, 1857, p. 63, § 14.) Neither of these acts required the County Court to submit the question to the people. The first says the court may do it; the second is silent upon the subject. It is submitted that, under the law, it was a matter of discretion with the County Court, whether or not they would submit the matter to a vote of the people for information. The act of the 14th January, 1860, (see Sess. Acts, 88,) is a legislative construction of the word *may*, in the above recited act, and shows that the word, as there used, means *may*, and not *must*, as contended for by plaintiff in error. The right of the Legislature, under the constitution, to confer the power here claimed and exercised by the County Court, has been so frequently recognized in the courts, as to leave this point no longer open to argument. It is not perceived how the vote of the tax-payers could affect the question of the *power* of the County Court to subscribe to the capital stock of said road.

There was nothing before the Circuit Court tending to show an abuse of power by the County Court in making the order complained of.

BAY, Judge, delivered the opinion of the court.

Plaintiff in error filed a petition in the Circuit Court of Morgan county, praying for an injunction to restrain the justices of the County Court of said Morgan county from assessing, levying, or collecting any taxes, or issuing any county bonds, for the purpose of providing for the payment of a subscription, by said justices, for and in behalf of said county, to stock in the Osage Valley and Southern Kansas Railroad Company. At the return term the defendants filed a demurrer to the petition, which, as appears from the bill of exceptions, was sustained by the court, though the record sent here does not show what action was had by the court upon the demurrer. Assuming it, however, to be true that the record of the court contains an entry sustaining the demurrer, still it does not appear that a final judgment has been rendered in the cause, or any judgment whatever, from which an appeal can be taken. There is nothing in the record or bill of exceptions showing that any entry was made in the cause except the one sustaining the demurrer. The suit, therefore, is still pending in the court below. (See State v. Pepper et al. 7 Mo. 348.)

With the concurrence of the other judges, the writ of error will be dismissed.