SPEARS, *Appellant*, v. BOND.

1.  **Practice:** DEMURRER: BILL OF EXCEPTIONS. When a demurrer to a petition is sustained, the plaintiff should have an opportunity to amend. If he elects to stand on his petition final judgment should be entered for the defendant; and then, but not till then, an appeal may be taken. No bill of exceptions is necessary in such case.

2.  **Obligation to Deliver Goods to Bearer.** An obligation to deliver goods to bearer need not specify the place of delivery. When the time arrives, if demand is made and refused, the promisor is in default, unless the demand is for delivery at an unreasonable place. If he has not been thus put in default, he may deliver to the promisee in person at any place which is reasonably convenient, and if the latter refuses or neglects to appoint a place, or purposely avoids receiving notice of a place, the former may appoint any place, with a reasonable regard to the interests of the other, and there make delivery.

    On demurrer to a petition on such an obligation, it will not be assumed that the plaintiff did not make proper demand.

3.  ———. A written promise "to pay to the bearer the sum of 20,000 feet of good salable lumber for value received of him," is a promissory note, possession of which is *prima facie* evidence of title.

4.  **Promissory Note:** PLEADING. A petition on a promissory note is defective if it fails to allege that the note has matured, and that the plaintiff is the owner or holder of it, or if it is payable to bearer that he is the bearer.

*Appeal from Howell Circuit Court.*—Hon. J. R. WOODSIDE Judge.

REVERSED.

*Hamilton & Fisher* for appellant.

*Livingston & Seay* for respondents.

SHERWOOD, J.—Action on an instrument in this form

State of Missouri, }
  County of Ozark,  } ss.

MAY 28th, 1877.

Eighteen months after date, we, or either of us, promise to pay to the bearer the sum of 20,000 feet of good salable lumber, for value received of him.

J. W. Fox.

his

RILEY X BOND.

mark.

The petition was as follows: Plaintiff states that Riley Bond and J. W. Fox, the above named defendants, executed their promissory note, herewith filed, dated May 28, 1877. Defendants promised and obligated themselves to pay to bearer the sum of twenty thousand feet of good salable lumber, eighteen months after date. Plaintiff has often demanded the lumber of defendants; they have failed and refused to pay said lumber or any part thereof; said lumber is of the value of $1 per hundred. Plaintiff asks judgment for the sum of $200, and for his costs in this behalf laid out and expended.

JOSEPH T. SPEARS,
by WM. MONKS, Atty.

The defendant filed the following demurrer:

Defendant comes and demurs to the petition of plaintiff and assigns as objections thereto the following, that is

to say : The petition does not state facts sufficient to constitute a cause of action in this; there is no place designated, in the pretended note sued on, whereat the twenty thousand feet of lumber was to be delivered or paid; that the lumber was not demanded at any time or place of the defendants or either of them, and that the note sued on shows upon its face that it has been altered and changed and is not an original instrument executed by the defendants.

LIVINGSTON & SEAY,
Attorneys for Defendants.

## I.

The supposed bill of exceptions, an instrument which is not authenticated either by an entry of record in term or a filing by the clerk in vacation, recites that the demurrer " was sustained ;" but there was no final judgment on the demurrer, consequently no appeal lies, and the case is yet pending in the Howell Circuit. That court, upon the theory upon which it seems it acted, should have held the petition insufficient in law, and given the plaintiff an opportunity to amend. But if plaintiff declined to amend, but elected to stand on his petition, then final judgment should have gone, from which an appeal could have been taken. But there was no manner of necessity for a bill of exceptions in order to preserve the demurrer, as it is a part of the record, and " would keep" without resort to any such preservatory processes. Inasmuch as we regard the cause as still pending in the lower court, no final judgment having been entered, it is deemed best before striking the cause from the docket, to discuss the sufficiency of the petition.

## II.

As to the only objection taken by the demurrer that " there is no place designated, in the pretended note sued on, whereat the twenty thousand feet of lumber was to be

delivered or paid," we have this to say, that we regard the objection not well taken. If, as appears from the date, of the petition, the time for the delivery of the lumber had arrived or passed, and demand for its delivery was made, by plaintiff, and met with refusal and non-compliance, the defendants were clearly in default. If the demand was for the delivery of the lumber at an unreasonable and far distant point, evidently not in contemplation of the parties to the instrument declared on, this was purely matter of defense. And we must assume on the face of the pleadings that the demand made for the delivery of the lumber was such a demand as the law will sanction. If no place be specified in the instrument and the deliverer is not in fault, " he may deliver the chattels to the receiver in person at any place which is reasonably convenient,. * * and if the receiver refuses or neglects to appoint a place, or purposely avoids receiving notice of a place, the deliverer may appoint any place with a reasonable regard to the convenience of the other party and there deliver the articles." 2 Parsons Cont., 162.

### III.

The instrument in suit we regard as a promissory note. *Prather v. McEvoy*, 8 Mo. 661; *Bothick v. Purdy*, 3 Mo. 82; *Smith v. Giegrich*, 36 Mo. 369; *Weil v. Tyler*, 38 Mo. 545; Chipman on Cont., 20. Section 663 R. S. 1879 recognizes such contracts as promissory notes, for it provides: "All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration and be due and payable as therein specified;" and the note being payable to bearer, possession of it is *prima facie* evidence of title, and "is intended to mean whoever comes in lawful possession, and the holder may sue upon it." 1 Daniel Neg. Inst., § 99, 812; 2 Id. § 1191. And under our practice act, it is immaterial as to the point whether

the note be negotiable or non-negotiable.   *Bennett v. Pound,* 28 Mo. 598; *Boeka v. Nuella,* 28 Mo. 180; *Willard v. Moies* 30 Mo. 142.

## IV.

But though the petition is not defective on the ground raised by the demurrer, it is defective in two particulars: It fails to allege that the note had become due or that it had matured, and it fails to allege that plaintiff is the owner or holder of the note.   It should allege that plaintiff is the bearer of the note; this was the rule at common law.   2 Chitty Plead., 223; and the code has not changed it.   "The engagement is to pay to the bearer, and that the plaintiff is such is one of the material elements of his cause of action.   The fact must therefore be stated in his complaint, and its statement will be a sufficient allegation of his title; for it is the fact and not the evidence of the fact which is required to be pleaded."   *Mechanics Bank v. Straiton,* 3 Abb., N. Y App. 269.

## V.

It is unnecessary to say more respecting the residue of the demurrer than this, that the incongruous issues of fact, which it tenders, have no place in an instrument designed to fulfill the functions of a demurrer.

For the reason aforesaid, though we hold the petition good as against the ground urged by the demurrer, we must strike the cause from the docket, since no final judgment was entered; therefore no appeal lies, and the cause yet remains in the lower court.   All concur.