CHAS. R. MILLS, Appellant v. M. F. McDANIELS, Respondent.

Kansas City Court of Appeals, November 5, 1894.

1. **Appellate Practice:** STATEMENT. The failure to comply with the requirements of section 2309, Revised Statutes, 1889, by filing a clear and concise statement of the case is an insurmountable objection to the consideration of the case in the appellate court.

Mills v. McDaniels.

2. ———: FINAL JUDGMENT. An appeal lies only from a final judgment, and the abstract should show such a judgment.

3. Homestead: JUDGMENT LIEN. A homestead is not subject to the lien of a garnishment judgment which is recovered against the homesteader long after the acquirement of the title to the homestead.

4. ———: VENDOR: VENDEE: VOLUNTARY PAYMENT. The purchaser of a homestead who voluntarily pays off a garnishment judgment against his vendor which did not affect the property bought, is entitled to no relief against his vendor.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*James Masters* with *J. E. Stephens* for appellant.

The only point in this case is: Does the judgment on the garnishment proceeding against defendant M. F. Daniels relate back to the debt contracted by the defendant M. F. Daniels with the D. H. Smith Hardware Company so far as the homestead rights of the defendant Daniels is concerned, or does the judgment upon the garnishment proceedings create a new debt having only the date of the judgment? (See section 5232, Revised Statutes of the state of Missouri, 1889. 8 Am. and Eng. Encyclopedia of Law, bottom of page 1197 and top of page 1198 and authorities cited in note 5. Waples on Attachment and Garnishment, bottom of page 520 and top of page 521. *Kellogg v. Freeman*, 50 Miss. 157. The debt contracted to D. H. Smith Hardware Company was contracted before defendant M. F. Daniels obtained the deed to the lots he sold to plaintiff Mills, hence he could have no homestead right in said property, and the judgment upon the garnishment would be a lien on the lots he traded plaintiff, and plaintiff was forced to pay the said judgment off or lose the lots.

*H. C. Timmonds* for respondent.

(1) As appellant has failed to file any statement or brief, his appeal will be dismissed. *Coffey v. Dubois*, 35 App. 96. (2) As there does not appear to have been a final judgment, nor judgment of any kind, rendered, the appeal will be dismissed. R. S., sec. 2246; *Holloway v. Holloway*, 97 Mo. 639. (3) The defendant's homestead being exempt, the judgment against him was not a lien thereon. *Grimes v. Portman*, 99 Mo. 229. (4) Plaintiff's payment to the sheriff of the amount of the execution was a voluntary payment, and gives him no cause of action against defendant. 1 Parsons on Contracts [5 Ed.], page 471.

SMITH, P. J.—The defendant's attorney has made a statement of the case which, it seems to us from an examination of so much of the record as is before us, is substantially correct and we shall therefore adopt the same. It is as follows:

The defendant owned a house and lot in the town of Jerico Springs, Missouri, which was occupied by himself and family as a homestead. It was of the value of $500 or $600. The deed thereto was recorded December 1, 1888. On the fifth day of September, 1891, he traded said homestead to plaintiff for a small tract of land in the country—paying plaintiff $800 to boot, and on that date deeds were exchanged. Prior thereto, on the twelfth day of October, 1889,—nearly a year after defendant's deed to his homestead had been recorded—a judgment was obtained by the D. H. Smith Hardware Company, a corporation, against the defendant, as garnishee in an attachment suit against the firm of Smith & Anderson, of Sedalia. (The plaintiff and defendants in that attachment suit were strangers to this record.) In that suit the court found

the defendant Daniels, who was garnishee in that case, did owe and stand indebted to said Smith & Anderson at the time of the garnishment, February 20, 1889. Subsequently, on September 23, 1891, the plaintiff in said attachment suit had execution issued and levied upon the said homestead of defendant Daniels. Plaintiff Mills satisfied said execution by paying the sheriff the amount thereof—$248.10—and on the twenty-first day of October, 1891, instituted this suit, alleging fraudulent misrepresentations, on the part of defendant in procuring the trade, and also alleging insolvency of the defendant, and praying to have the amount so paid out by plaintiff on said execution declared to be a part of the purchase price of said tract of country land, and that it be declared to be a vendor's lien thereon. Defendant's answer was a general denial. The case was tried by the court, without a jury, and all the issues were found in favor of the defendant. The record fails to show a final judgment, or judgment of any kind."

The defendant objects that the plaintiff has failed to comply with the requirements of section 2301, Revised Statutes, by filing "a clear and concise statement of the case." This objection is insurmountable. *Brown v. Murray,* 53 Mo. App. 184; *Snyder v. Free,* 102 Mo. 325; *Craig v. Scudder,* 98 Mo. 664; *Jayne v. Wine,* 98 Mo. 404; *Thompson v. Allen,* 107 Mo. 479.

It is further objected by defendant that the abstract does not anywhere show or state that there has been a final judgment nor a judgment of any kind. These objections appear to be well taken. An appeal lies only from a final judgment. Revised Statutes, sec. 2246; *Holloway v. Holloway,* 97 Mo. 639.

It may in this connection be observed that it does not seem that the plaintiff is entitled to the interference of a court of equity in his behalf. It appears that the

Jerico house and lot which the defendant traded to the plaintiff was the homestead of the former and as such was not subject to the lien of the Smith Hardware garnishment judgment which was recovered against him long after the acquirement of the title. He was not a party to the original judgment against Smith & Anderson, and hence that judgment was not a lien on the defendant's property. Revised Statutes, sec. 5435; *Grimes v. Portman*, 99 Mo. 229.

It does not therefore appear that the alleged representation of defendant was either false or fraudulent as respects the title to the Jerico property. We can not discover that the plaintiff is entitled to any relief against his own voluntary and imprudent act of paying off the garnishment judgment which did not affect the property for which he had traded. It seems that he got all he bargained for and that he has no just grounds of complaint.

We will therefore dismiss his appeal for the reasons already stated. All concur.