GEORGE KAUTSCH, Plaintiff in Error, v. BEN H. DROSTE et ux, Defendants in Error.

**Kansas City Court of Appeals, January 8, 1900.**

1.  **Final Judgment: DEMURRER: WRIT OF ERROR.**  To a bill in equity seeking specific enforcement of a contract to give a mortgage, a demurrer was sustained, and the judgment recited that the plaintiff elected to stand on his petition and proceeded to give him judgment on the notes declared on in the petition.   The motions for new trial and in arrest struck at the court's action on the demurrer.  Held, that the judgment on the demurrer was not a final judgment and that a writ of error would not lie to review such action of the court.

2.  ——: ——: ——.  If a judgment on a demurrer further decrees that the plaintiff take nothing by his writ, etc., it becomes a final judgment and may be reviewed by appeal or writ of error without motions for new trial or in arrest or bill of exceptions.

Error to the Cole Circuit Court.—*Hon. D. W. Shackleford, Judge.*

WRIT DISMISSED.

*Edwards & Edwards* for plaintiff in error filed brief on merits.

*Pope & Belch* for defendants in error.

(1)   If there was no judgment the writ of error should be dismissed.   Spears v. Bond, 79 Mo. 467; Berry v. Zim-

merman, 43 Mo. 215; Robinson v. Morgan Co., 32 Mo. 428; Palmer v. Crane, 8 Mo. 619; Sater v. Hunt, 61 Mo. App. 228.

SMITH, P. J.—This is a suit in equity to compel the specific performance of an alleged verbal contract, entered into between the plaintiff and defendants, whereby the latter agreed, in consideration of the loan to them by the former of the sum of $775, to execute and deliver to such former a mortgage on certain real property to secure the payment of the money so loaned, etc. The defendants interposed a demurrer to the plaintiff's petition, which was by the court sustained.

The judgment was to this effect: "It is ordered and adjudged that the said demurrer be sustained and the plaintiff be denied a judgment enforcing the specific performance of the contract set forth in his said petition or judgment, a lien against the property therein described and the said plaintiff elected to stand on said demurrer and refusing to further amend his said petition, but it appearing to the court that the plaintiff is entitled to a judgment on the notes sued on, it is therefore ordered and adjudged that the plaintiff have and recover from the defendants herein the sum of $1,114.46, the amount ascertained to be due from defendants to plaintiff from an inspection of the instruments sued on, and that he have hereof execution, to which action of the court in sustaining the demurrer and refusing to enforce a lien or requiring defendants to specifically perform the contract sued on, plaintiff at the time duly excepted."

Afterwards, the plaintiff filed a motion to set aside the judgment sustaining the defendants' demurrer, and for a new trial, and also a further motion to arrest the said "judgment sustaining the said demurrer, in so far as it denied to the plaintiff the enforcement of the contract sued on, and the enforcement of the lien against the property for the debt due from the defendants to the plaintiff." These motions were severally overruled; and thereupon the plaintiff tendered his

bill of exceptions, which was duly allowed, signed, sealed and made a part of the record. The cause is brought here by writ of error.

The defendants object that a writ of error will not lie from the judgment on the demurrer, for the reason that such judgment was not a final disposition of the case. It will be seen from the recitals therein that the plaintiff did not stand on his demurrer and permit the court to dismiss his petition and discharge the defendants, but, on the contrary, he elected to take a judgment on the notes for the amount of the principal and interest due thereon. It is true that there is a final judgment on the notes sued on, but from that judgment there is no pretense that the writ of error is prosecuted. The motions to set aside, and in arrest of the judgment extended only to the action of the court on the demurrer, and therefore the judgment on the notes, which is the only final judgment in the case, was not drawn in question by either of said motions. The plaintiff does not, and can not, of course, complain of the action of the court in giving him judgment on the notes. The correctness of the action of the court in that regard is not questioned, and yet this is the only final judgment in the case. The plaintiff seeks to have reviewed only the action of the court on the demurrer.

According to the well established precedents, the action of the court in sustaining the demurrer was not a final judgment thereon. A judgment on a demurrer to be final should be to the effect: "Therefore it is considered that plaintiff take nothing by his writ, etc., and that the defendants go thereof without day, etc." Palmer v. Crane, 8 Mo. 620. An appeal or writ of error lies only from a final judgment. R. S. sec. 2246; Holloway v. Holloway, 97 Mo. 639; Mills v. McDaniels, 59 Mo. App. 331. They will not lie from a judgment overruling or sustaining a demurrer. The judgment must be final on the demurrer. Spears v. Bond, 79 Mo. 467; Berry v. Zimmerman, 43 Mo. 215; Robinson v. County

Court, 32 Mo. 428.    A writ of error to be effective must operate upon a final judgment.    The writ here operates only on the judgment on the demurrer and as that was not a final judgment it was therefore ineffective.    As already stated, the final judgment is not sought to be affected by the writ.    And since a case can not be divided into parts and brought up in fragments, it must follow that the writ can not affect the judgment on the demurrer—it not being a final judgment, Anderson v. Moberly, 46 Mo. 191.

If the plaintiff had suffered a final judgment to have been given on the demurrer an appeal or writ of error would have lain.    Neither of the motions, nor the bill of exceptions filed would have been necessary to have invested the supervisory court with jurisdiction to determine the questions raised by the demurrer.    Barber Asphalt Co. v. Benz (decided by us at present term).    But as no objection was taken to the final judgment by either of the said motions they were entirely useless in the case.

It may be, though we would not be understood as so deciding, that the supposed equities alleged in the plaintiff's petition were not foreclosed by the judgment of the court sustaining the demurrer, and that the only effect of the suit was to merge the notes into a judgment at law leaving the equities between the parties, if there were any such equities, precisely as they existed at the time of the commencement thereof.    But however this may be, we are at present without jurisdiction to go further than to determine that the writ was improvidently sued out and has brought nothing before us for review, and therefore it must be dismissed.    All concur.