Plattsburg v. Allen.

CITY OF PLATTSBURG, Plaintiff in Error, v. FRANCIS
R. ALLEN et al., Defendants in Error.

**Kansas City Court of Appeals, April 30, 1900.**

**Errors and Appeals: FINAL JUDGMENT: DEMURRER.** An appeal
or writ of error lies only from a final judgment, and neither will
lie from a judgment overruling or sustaining a demurrer.

Error to the Clinton Circuit Court.—*Hon. A. D. Burnes,*
Judge.

WRIT DISMISSED.

*H. T. Herndon* for plaintiff in error.

Filed brief and argument on merits.

*W. S. Herndon* for defendants in error.

Filed brief and argument on merits.

SMITH, P. J.—The record in this case nowhere dis-
closes, nor is it anywhere stated by counsel in their briefs,
that there was a final judgment given on the demurrer.    All
that the record shows is that the defendant filed a demurrer
to the plaintiff's petition which was by the court sustained,
and to which ruling plaintiff excepted.    As said in Kautsch
v. Droste, 82 Mo. App. 412, a judgment on a demurrer to be
final should be to the effect that: "Therefore it is considered
by the court that the plaintiff take nothing by his writ, etc.,
and that the defendant go thereof without day," etc.    Palmer
v. Crane, 8 Mo. 620.

An appeal or writ of error lies only from a final judg-

ment. R. S. 1889, sec. 2246; Holloway v. Holloway, 97 Mo. 639; Mills v. McDaniels, 59 Mo. App. 331. Nor will either lie from a judgment overruling or sustaining a demurrer. Spears v. Bond, 79 Mo. 467; Berry v. Zimmerman, 43 Mo. 215; Robinson v. County Court, 32 Mo. 428. A writ of error to be effective must operate on a final judgment.

As the judgment on the demurrer was not a final judgment, the writ was, for that reason, ineffective. It results that we are without jurisdiction of the cause. The writ will accordingly be dismissed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.