Bank of Laddonia v. Friar.

BANK OF LADDONIA, Respondent, v. F. S. FRIAR et al., Appellants.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Note, Promissory:** COLLECTION OF: PROCEEDS PROPERLY PLACED TO F'S CREDIT. The possession of the note by F, and delivery of it by him to plaintiff bank for collection, authorized the bank to collect the note and place the proceeds to the credit of F.

2. ————: AGENT FOR COLLECTION: NOTICE TO BANK NOT SUFFICIENT. The naked fact that the note had been assigned to defendant, was not, on its collection, sufficient to authorize the bank to turn the proceeds thereof over to defendant, and even this proposition was submitted to a jury and its finding against defendant is conclusive.

3. ————: POSSESSOR THEREOF ENTITLED TO COLLECT NOTE. A party in possession of a note not over due, is prima facie the owner of it, and has the right to collect, or authorize it to be collected by an agent.

Appeal from Audrain Circuit Court.—*Hon. Elliot M. Hughes,* Judge.

AFFIRMED.

*P. H. Cullen* for appellant.

Instruction No. 7 is misleading. It ignores the ownership of the note and leaves out of consideration entirely the question of plaintiff's knowledge of the ownership of the note. Suppose there was no indorsement in the note, and suppose that George Friar "delivered the Gelvin note to E. R. Locke as cashier;" yet if plaintiff's cashier knew that F. S. Friar was the

owner of the note, he could not discharge his obligation to F. S. Friar by paying the proceeds of the note to a stranger. Indorsement is not necessary to transfer a note. Boeka v. Nuella, 28 Mo. 181; Willison v. Smith, 52 Mo. App. 135; Davis v. Carson, 69 Mo. 609; Patterson v. Cave, 61 Mo. 439; Harvey v. Brooke, 36 Mo. 494.

*Fry & Clay* and *E. C. Kennen* for respondent.

(1)· The court did not err in excluding the latter part of the answer of Edward Friar complained of. That part of the answer was not responsive to plaintiff's question on cross-examination and was properly excluded. And it was hearsay. It was of no consequence what F. S. Friar said he was going to do with the note. What he did with the note should be proven by F. S. Friar himself, who testified in the case. Preston v. Railroad, 132 Mo. 111; Ladd et al. v. Conzens, 35 Mo. 516. (2) A party may give jurisdiction to the justice by a voluntary renunciation of part of his demand. Hempler v. Schneider, 17 Mo. 258. And it matters not in what way the reduction of the demand is made, so that the amount claimed is within the jurisdiction of the justice. Denny v. Ecklekamp, 30 Mo. 140.

BLAND, P. J.—The suit was begun before a justice of the peace on a promissory note for $270, upon which was indorsed a voluntary credit of $21.75—$20 credit to principal and $1.75 as interest on the $20 credited to principal. The credit was given in order to confer jurisdiction on the justice. The cause was taken by appeal to the circuit court. Defendant admitted the execution of the note and pleaded an offset exceeding the sum sued for. On the trial in the circuit court, to prove his offset, defendant introduced evidence tending to show that one Gelvin had executed a note for $250 to G. C. Friar

and J. O. Richart; that Richart had assigned his interest in the note to G. C. Friar and that afterwards G. C. Friar had by written indorsement transferred the note to defendant, and that defendant had deposited the note with plaintiff for collection; that the note had been collected by plaintiff but it had failed to account to him for its proceeds.

To rebut this testimony, plaintiff introduced testimony tending to prove that there was but one indorsement on the note; that of Richart to G. C. Friar. That G. C. Friar, and not the defendant, had deposited the note with plaintiff for collection. That the note was collected by plaintiff and placed to the credit of G. C. Friar on account, and withdrawn by checks drawn by him against his bank account. There was a verdict and judgment for plaintiff. Defendant duly appealed.

Ed Friar, a witness for defendant testified that he saw G. C. Friar indorse the note to defendant, and in answer to a question stated that he, defendant, took the note in his hand and turned it over (and made the remark that he would walk down there to the Farmers Bank, or other bank, and deposit it). The court excluded that portion of the answer included in parenthesis. On this ruling defendant objected and excepted and assigned the ruling as error. His contention is that the declaration of defendant was a part of the transaction, "a verbal act."

We are unable to view it in that light. The expression does not give character to the transaction, has no connection with it and is a mere expression of a purpose made after the completion of the transaction and fails to characterize it in any respect. Plaintiff was permitted to testify from whom he collected the note, what instruction he had received in regard to the note from G. C. Friar when it was deposited for collection, and the disposition he made of its proceeds, over the objection of defendant. The admission of this testimony is assigned as

error. Defendant's contention is that as G. C. Friar is not a party to the suit and testimony as to dealings with him or his instructions in regard thereto is inadmissible.

In view of the fact that the plaintiff claimed to have received the note from G. C. Friar for collection it was competent for it to show what it did as collecting agent and the disposition made by it of the proceeds under his orders and to testify in regard to instructions received by it from its principal.

Defendant assigns as error the giving of the following instructions for plaintiff:

"No. 8. Even if the jury should believe that George Friar did assign and deliver the Gelvin note to defendant, F. S. Friar, if the jury further believe from all the facts and circumstances in evidence that plaintiff did not have knowledge of the same and George Friar delivered note to E. R. Locke as plaintiff's cashier for collection, and it was collected and the proceeds placed to George Friar's credit and he, said George Friar, drew out by his checks said proceeds, then your verdict should be for plaintiff on defendant's setoff.

"No. 6. The court instructs the jury if they believe from the evidence that plaintiff, by its agent, collected the Gelvin note for and at the direction of George C. Friar and placed the proceeds thereof to the credit of George C. Friar, and that said Friar drew the same out of bank on his checks, payable to R. R. Arnold and J. O. Richart, and that said bank did not retain any of said proceeds and did not get the benefit thereof, then your verdict will be for the plaintiff on defendant's setoff.

"No. 7. The court instructs the jury that if they believe from the evidence that George Friar delivered the Gelvin note to E. R. Locke as cashier of plaintiff, for collection, and plaintiff, by its said cashier, collected said note and paid the proceeds of the same to the said George Friar, then it matters not whether said note belonged to George Friar or the defendant,

F. F. Friar, if there was no indorsement on said note indicating the ownership of F. S. Friar or person other than G. C. Friar, in the said note."

The gravaman of appellants' objection to all of these instructions is that they leave out of view the evidence of defendant that the note was assigned to him and by him delivered to the bank for collection and authorize a defeat of his counterclaim although the note may have shown that it had been assigned by G. C. Friar to him. That in such circumstances plaintiff was guilty of negligence in paying the proceeds of the note to G. C. Friar and should be held to account to defendant, on the theory that the note bore evidence of its ownership by defendant. On the part of the defendant the jury was instructed to find for him if they found that the note was assigned to him and that he deposited it with plaintiff for collection.

Plaintiff did not purchase the note and does not occupy the attitude of a purchaser of overdue paper with notice, or the means of notice in his position, that the seller was not the owner. On the contrary it was the collecting agent of the person who deposited it with the bank for collection and was bound to account to its principal, unless it had actual notice of the fact that a third party and not its principal was the owner and entitled to its proceeds, or that its principal had obtained possession of the note by theft or fraud. The naked fact, if it be a fact, that the note had been assigned to defendant was not notice to the plaintiff that he (defendant) was entitled to its proceeds. On the contrary, if the note was in the possession of G. C. Friar, its possession by him gave him authority prima facie to collect it. Boek v. Nuella, 28 Mo. 180; Davis v. Carson, 69 Mo. 609; Speers v. Bond, 79 Mo. 467; Wilson v. Smith, 52 Mo. App. loc. cit. 135. This authority he could rightfully delegate to plaintiff as his agent, and it was the duty of plaintiff, in

the absence of actual notice that the proceeds of the note belonged to the defendant and were demanded by him, to pay the proceeds to G. C. Friar, its principal.

The instructions fairly presented the case to the jury. Appellant for the first time raises, in this court, the question of the right of plaintiff to enter a voluntary credit on the note of so much to the principal and so much to interest, The right to so credit the note was not questioned on the trial and will not be examined here. Perceiving no reversible error in the record the judgment is affirmed. All concur.