HESS et al., Appellants, v. CORWIN, Respondent.

St. Louis Court of Appeals, December 13, 1904.

1. **APPELLATE PRACTICE: Abstract of Record: Rule of Court.** Compliance with rule number 15 requires that an appellant, in furnishing printed copies of a "statement" of the record, shall set forth such an abstract of the evidence as will enable the appellate court to gain a comprehensive view of the evidence adduced at the trial, so that it will obviate the necessity of reading the entire evidence as preserved in the bill of exceptions; and where such an abstract of the record is not filed, the evidence will not be considered.

2. **PRACTICE: Action on Contract: Pro Tanto Recovery.** In an action for breach of contract to recover the value of an entire bill of goods sold, plaintiff is not entitled to recover for a portion of such goods claimed to have been accepted and converted.

Appeal from St. Louis City Circuit Court.— *Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Abbott & Edwards* for appellant.


BLAND, P. J.—Section 863, Revised Statutes 1899, requires, on appeals and writs of error, that each party shall, on or before the day next preceding the day for which the cause is docketed for hearing, make out and furnish to the court a clear and concise statement of the case, and the points intended to be insisted on in argument. Rule No. 15 of this court requires the appellant or plaintiff in error to furnish four copies of a brief containing a clear and concise statement of the pleadings and facts shown by the record. What is meant by facts shown by the record, is such an abstract of the evidence as will enable the appellate court to gain such a comprehensive view of the evidence adduced at the trial as will obviate the necessity of reading the entire evidence as preserved in the bill of exceptions. There is no abstract of the evidence found in plaintiff's brief and the defendant has not seen fit to supply the defect. The only statement of facts to be found in the plaintiff's brief is the finding of the facts made by the court which reads as follows:

"The court finds that plaintiffs were partners doing business in St. Louis as the Paris Manufacturing & Importing Company, selling perfumes, face powders, etc. That on January 24, 1902, their sales agent, August Schneider, who sold by sample, exhibted to the defendant, who was a small shop keeper, and a rather ignorant woman, certain samples, and undertook to sell her goods to be in accordance with such samples, and he and the defendant signed the contract offered in evidence. The goods were promptly delivered and the company signed and sent her January 27, 1902, the guaranty bond offered in evidence. The goods delivered were not according to the samples, but different from and inferior thereto. She did not, though several times

requested by plaintiff, give the notes mentioned in the contract, nor in any way recognize any liability thereunder. In four or five weeks a representative of the plaintiff called on her about the goods, and she would not keep them because they were not according to sample. She sold a few of the articles, and had soon discovered that the goods were not according to sample, but had not communicated this to plaintiffs, because she was; and properly, expecting their sales agent to return and she intended them to return the goods. The plaintiffs declined to receive back the goods."

On this state of facts the court declared the law to be as follows:

"The goods being sold by sample and being inferior thereto, defendant had the right to refuse to take them. She never, in law, accepted the goods, and, in the circumstances of the case, her offer to return them was prompt and in a reasonable time. I do not think there is anything in the contract or bond which changes the right of defendant as herein declared. In these circumstances the defendant is not liable and judgment is for defendant."

It is stated in the brief that the suit was on an account and contract filed before a justice of the peace, but neither are set forth in the brief. From the finding of the facts and the declaration of law made by the court, the inference is reasonably deducible that the suit was for a breach of contract to recover an entire sum, if so, then plaintiffs were not entitled to recover the value of the few articles the court found defendant had sold. Whether or not defendant offered to return the goods in a reasonable time was a mixed question of law and fact. The court found on the facts shown by the evidence that the offer was, in the circumstances, made in a reasonable time. In the absence of any abstract of what the evidence shows, we decline to review these findings, and affirm the judgment. All concur.