NELLIE S. HYER ET AL., APPELLANTS, v. ANNA BAKER ET AL., RESPONDENTS.—121 S. W. (2d) 278.

Kansas City Court of Appeals. November 7, 1938.

*M. D. Aber* for plaintiffs.

452

*A. R. Thompson, Jr.*, for respondents.

PER CURIAM:—This is an action in two counts. The first one is to quiet the title to two lots in the City of Warrensburg, and the second one in ejectment. From an order requiring certain of the defendants to interplead, plaintiffs have appealed.

The case was set for hearing in this court on October 8, 1938. On October 6, 1938, defendants filed a motion to dismiss the appeal on the ground that there had been no statement filed by the appellants. On the same day appellants filed a motion to amend their brief by inserting a statement, which was tendered with the motion, stating that the statement was omitted from the brief through inadvertence in that the statement was not sent to the printer to be inserted in the brief and that this omission was not noticed until the copy of the motion to dismiss was served upon the attorney for the appellants.

Section 1060, Revised Statutes, 1929, provides as follows:

"On appeals and writs of error each party shall, on or before the day next preceding the day on which the cause is docketed for hearing, make out and furnish the court with a clear and concise statement of the case, and the points intended to be insisted on in argument."

In compliance with the statute we passed our Rule 16, requiring

such a statement, as is mentioned in the statute and, under our Rule 18, dismissal of an appeal is provided for a violating of Rule 16 relating to statements.

Under the circumstances the appeal should be dismissed. [Section 1060, R. S. 1929; Rules 16 and 18 of this court; Seifert v. Seifert, 52 S. W. (2d) 817; Bank of Meta v. Schnitzler, 67 S. W. (2d) 106; Mass. Bond & Ins. Co. v. Boonville Coal Co., 226 S. W. 961; Mills v. McDaniels, 59 Mo. App. 331; Hess v. Corwin, 109 Mo. App. 22; Lawson v. Mills, 150 Mo. 528.]

The motion or application to file a statement is overruled (Karcher v. Jackson, 217 S. W. 48; Brown v. O'Brien et al., 217 S. W. 600), and the motion to dismiss the appeal is sustained.